JOHN STRUTZEL, Administrator, vs. ST. PAUL CITY RAILWAY COMPANY.

December 22, 1891.

Street Railway—Duty of Car-Driver to Children Unlawfully Coasting in Street.—The duty of watchfulness rests upon the driver of a street-car approaching a street crossing where he has reason to suppose that young children may be engaged in coasting or sliding down a neighboring hill, and across the car track, although such conduct on the part of the children is unlawful.

Same—Parents of Child Killed held not Negligent—Damages.—Verdict *held* justified to the effect that the parents of a child about six years old were not chargeable with negligence in allowing him to go out of the house to play within their own premises fronting on a public street; also as to the amount of the verdict for an act of negligence causing the death of such a child.

Appeal by defendant from an order of the district court for Ramsey county, *Kerr*, J., presiding, refusing a new trial after verdict of $2,300 for plaintiff, in an action for negligence causing the death of plaintiff's intestate, Homer Strutzel, a child of the age of 5 years and 10 months.

*Henry J. Horn*, for appellant.

*Butts & Jaques*, for respondent.

DICKINSON, J. This action is prosecuted by an administrator, under the statute, to recover damages for injuries caused by the alleged negligence of the defendant, and resulting in the death of the intestate. The plaintiff recovered a verdict, and the defendant has appealed from an order refusing a new trial.

It is contended that the evidence did not show negligence on the part of the defendant, especially because the deceased unlawfully put himself in the place of danger, and it is urged that the plaintiff owed to him no duty of watchfulness to avoid the accident which followed. A brief statement of the facts, as we must suppose them to have been found by the jury, will show that in this respect the case was a proper one for the determination of the jury. In this statement we embrace together facts which were undisputed, and such as were so far sup-

ported by the evidence that the jury might deem them to have been as here indicated. The boy who was injured was of the age of 5 years and 10 months. He lived with his parents in a house situate on the north side of Rondo street, the course of which street is east and west. Along this street ran the defendant's street-cars, drawn by horses. About 90 feet east of the house, Rondo street is crossed by Arundel street, running north and south. From the south, Arundel street descends in a considerable declivity to Rondo street. In the winter-time boys used to come here and slide down this hill into Rondo street, and across the car tracks. They had been doing so for some days prior to the accident. The driver who was managing the car by which this boy was injured was accustomed to pass this point about every hour of the day. This use of the street by the boys was unlawful, as the jury were informed. The accident occurred in the daytime. As the street-car was approaching this crossing from the west, the boy was sliding down the hill on the sidewalk on the west side of Arundel street, lying down upon his sled, his head to the front. The land lying between the car and the boy, and fronting on Rondo and Arundel streets, was vacant for a distance (from the intersection of the streets) of about 100 feet on Rondo street and about 180 feet on Arundel street. Nothing intervened to obstruct the view from one street to the other across this vacant land, save an open fence, constructed with posts and two boards, along the west side of Arundel street. It may be considered that, if the car-driver had looked in that direction, he might have seen the boy in time to have avoided the accident. The evidence even justified the jury in finding that the driver did look in that direction, saw the boy coming, applied his brake, and brought the car under his control, so that he could have stopped it within a distance of from 5 to 8 feet. The car did not stop, however, and at the crossing the boy ran against or under the car, receiving injuries causing his death. The driver testified that he did not see the boy until he was within 7 or 8 feet of the car.

If the driver of the street-car had seen young boys sliding down to the track so frequently that he had reason to apprehend that they would be encountered there at this time, it would be culpable negli-

gence on his part to approach the crossing without looking to see if they were there, unless his inattention were in some way excused; and especially, if he actually saw the boy, was it his duty to be careful to so control the motion of the car as to avoid the apparent danger. In either view of the case the fact that such a use of the street was unlawful would not excuse him from the duty of carefulness. Such, a case is distinguishable from one where the person charged with negligence resulting in injury to a trespasser neither saw the wrongdoer, nor had reason to apprehend that he or any one was or might be in the way of danger, and so had no reason to exercise care or watchfulness on his account. The evidence was such as to make it clear to our minds that the question as to the negligence of the cardriver was for the jury.

The appellant cannot be sustained in its contention, contrary to the verdict, that the parents of the child were chargeable with contributory negligence. Concerning this we will only state the facts that the child had never been allowed to slide in the street, and had never done so before; that on this occasion he had been allowed to go to slide with a younger brother in the yard of the house where his parents lived, while his mother was necessarily engaged in her household duties; that she had called them to come in, and that they started in obedience to her command. She, supposing that they were coming in, resumed her work. But a very few moments elapsed after that before the accident occurred. The boy had gone into the street after being called, although he was ordinarily obedient to his mother's commands. The finding of the jury upon this point is conclusive.

The point was made, but not discussed, that the damages awarded were excessive. It is not claimed that the instruction to the jury upon the subject was not correct, and no question is before us as to the basis upon which damages in such a case are to be estimated. We have concluded, although not without some hesitancy, that we ought not to set aside the estimate of damages made by the jury.

Order affirmed.