CASE 46—ACTION BY HATTIE REUSCH AGAINST THE LICKING ROLLING MILL CO. FOR DAMAGES FOR PERSONAL INJURIES.—MAY 31.

# Reusch v. Licking Rolling Mill Co.

APPEAL FROM KENTON CIRCUIT COURT—W. D. McSHAW, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

NEGLIGENCE—LEAVING OBSTRUCTION IN STREET—INJURY TO COASTER—COMPLAINT—ALLEGATIONS—CONSTRUCTION.

1. Coasting on a street and injured by colliding with a vehicle a vehicle left standing in the street, can not recover of the one who left the vehicle there, but did not know that the street was being used for coasting.
2. In an action for injuries to plaintiff, owing to a sled on which she was coasting having collided with a vehicle left standing in the street by defendant, the complaint alleged that defendant "knew

and could by the exercise of ordinary care have known," of the use of the street for coasting. HELD that the complaint meant that defendant could, by ordinary care, have known of the fact, and did not charge actual knowledge.

M. L. HARBESON, ATTORNEY FOR APPELLANT.
PENCE & WILLIAMS OF COUNSEL.

1. A demurrer was sustained and plaintiff's petition dismissed in the lower court on the ground that the act of coasting on a street was *per se* such contributory negligence as would defeat a recovery. We submit that this is not the law.

2. The public may be guilty of contributory negligence in using the street dependant upon the time, place, and circumstances of each case, but persons are not guilty of contributory negligence simply because they are engaged in sport or play.

3. Taking the statements of the petition as true, the defendant knew that the street, at the place where appellant was injured, had been habitually used for coasting, and had been so used for several evenings immediately preceding the injury.

4. We submit that if this coasting had been on appellee's private property and those engaged in it had been trespassers yet if he with such knowledge had placed the obstruction in the path he would be liable.

### AUTHORITIES CITED.

Beach on Contributory Negligence, sec. 256; Keefe's Adm'r v. City of Chicago, 114 Ill., 222; (2 N. E., 267, 55 Am. Rep., 860); McGuere v. Spence, 91 N. Y., 303; City Cincinnati v. Emmelman, 108 Ind., 530; Straub v. City St. Louis, 175 Mo., 413 (75 S. W., 100; Sioux City & P. R. Co. v. Stout, 84 U. S. (17 Wall.), 657; Keefe v. Milwaukee & S. P. Ry. Co., 21 Minn., 207; Hooker v. Miller, 37 Iowa, 613 (18 Am. Rep., 18); Coppner v. Penn. Co., 12 Ill. App. (12 Brawd), 600; Lafayette & I. R. Co. v. Adams 26 Ind., 76; Norris v. Litchfield, 35 N. H., 271; 69 Am. Dec., 546.

S. D. ROUSE, ATTORNEY FOT APPELLEE.

### CLASSIFICATION OF QUESTIONS DISCUSSED WITH AUTHORITIES.

1. Where the facts are undisputed the question of negligence is one of law. Shearman & Redfield on Negligence, 5 Ed., sec. 56; Beach on Contributory Negligence, secs. 446, 447; Am. & Eng. Ency. of Law, p. 57; Brewing Co. v. Busse, 11 Rep., 322; Small-

Reusch v. Licking Rolling Mill Co.

wood v. Woods, 1 Bibb, 542; Cawein v. Browninski, 6 Bush 460; R. R. Co. v. Breeding, 13 Rep., 398; R. R. Co. v. Rains, 15 Rep., 423; Bush v. Grant, 22 Rep., 1766; R. R. Co. v. McClurg, 56 Pa. St., 294; Woolwine's Adm'r v. Ry. Co., 38 W. Va.; Gonzales v. R. R. Co., 38 N. Y., 440.

2. It is well settled that travelers on a highway may not rush along recklessly, assuming that the way is clear. Butterfield v. Forrester, 11 East, 60; Smith, v. Smith, 2 Pick., 621; Parker v. Adams, 12 Metc., (Mass.), 415.

3. The highway is intended for travel only, and the use of it for sports is *per se* negligence. Beach on Contributory Negligence, section 256; Stinson v. City of Gardiner, 42 Me., 248; Blodgett v. Boston, 8 Allen, 237.

4. The act of plaintiff in coasting on Eleventh street was unlawful. An unlawful act on the part of the plaintiff is contributory negligence, and when he is compelled to set up such an act, his action is barred. Newcomb v. Boston Protective Department, 146 Mass., 596; Newburgh v. Moak, 1 Cush., 453; Dudley v. Flemingsburg, 24 R., 1804; Beach on Contributory Negligence, sec. 269; Pierce v. New Bedford, 129 Mass., 534; Schlitz v. Milwaukee, 49 Wis., 254; Welch v. Wesson, 6 Gray, 505.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Eleventh street in Covington, Ky., from Girard street eastward to the Licking river, is a down grade, and is sometimes used for coasting when there is enough snow or ice to permit. On January 5, 1904, the plaintiff was upon a large sled, with several other persons, coasting down the street about half past 8 o'clock, it being then dark. The defendant had left a large four-horse wagon upon the street a short distance east of the crossing, to which no team was hitched, and which was left there to stand over night. The sled ran under the wagon, and plaintiff was struck by it. Her teeth were knocked out, her chin was shattered, her nose, brow, and upper lip were cut, her back was sprained, and she received large and ugly scars upon her face, permanently disfiguring her. The street had been used for coasting for many evenings immediately preceding that upon which she was hurt, and was so used by a large number of persons that night. The plaintiff al-

leged in her petition the foregoing facts, and sought to re-
cover of the defendant for her injuries. She also alleged
that the defendant well knew, and could by the exercise
of ordinary care have known, of the street for coasting on
the previous evenings and on that evening, and that it
negligently left the wagon in the street, thereby causing her
injuries. The court sustained a demurrer to her petition,
and she appeals.

A city street is constructed for public travel. Any use of
the street which renders it unsafe to the traveling public
is a nuisance, for the traveling public have a right to pass
back and forth upon it, and have a right to presume that
it will be reasonably safe for this purpose. The large sled,
loaded with several persons, rushing rapidly over the ice
down the declivity in the dark, endangered the safety of
every traveler upon the highway in its course. The pur-
poses for which the street was made and for which it was
used were inconsistent with such use. The sled, loaded as
it was, and run over the ice down the declivity, gathering
momentum as it went, was *per se* a nuisance. One who
crates a nuisance, and is himself injured thereby, can not
recover.

But it is insisted that the defendant is liable because of
the allegation that it knew, and by the exercise of ordinary
care could have known, of the use of the street for coasting.
A pleading must be taken against the pleader, and, taken
all together, the allegations of the petition amount only to
a charge that the defendant, by ordinary care, might have
known the facts. In other words, the meaning is that de-
fendant could, by ordinary care, have known the facts, and
therefore knowledge of them is to be imputed to it, for, if
actual knowledge of the facts was meant to be charged, the
allegation that the defendant could by ordinary care have

known them was meaningless. Some force must be given all parts of the sentence, and it is a fair presumption that a pleading is sworn to, in its milder sense, for the pleader selects his own language, and will naturally make it as strong as he can truthfully. The petition, as a whole, is bottomed on negligence, or the defendant's failure to exercise ordinary care to know the facts and remove the wagon from the street. But the defendant was under no obligation to the plaintiff to exercise care for her protection. It is not charged that the wagon was placed at a point at which the defendant knew the street was used by those coasting on it, or that the defendant knew that, to leave the wagon where it was, would endanger the safety of those coasting on the street. The petition is rested on the idea that the defendant negligently placed the obstruction in the street, and, while it would be liable for this to those using the street for a proper purpose and in the proper way, it is not liable to one improperly using the street. We are referred to a number of authorities holding that, if a man knows that trespassers are using his property, yet if with such knowledge he places a dangerous obstruction in their path, he is liable for an injury to them when they pass along in the dark and are injured without knowledge of the danger. But these cases are not in point, for the reason that it is not averred that the defendant knew that the wagon was standing where it would endanger those coasting on the street, nor is it sufficiently averred that the defendant knew, in fact, of the use of the street for coasting at the time the plaintiff was injured. No opinion is therefore intimated as to whether the line of authorities referred to would apply to a case like this.

Judgment affirmed.