# FRANK URBAS v. DULUTH, MISSABE & NORTHERN RAILWAY COMPANY.[1]

January 27, 1911.

Nos. 16,759—(148).

**Injury to child upon railroad crossing — complaint states cause of action.**
Action to recover damages for injuries sustained by a child three and one-half years old by reason of the alleged negligence of the defendant in backing its car over a public highway crossing, whereby she was hit. The allegations of the complaint considered, and *held*, that they state a cause of action.

Action by Frank Urbas, the father of Agnes Urbas, an infant, in the district court for St. Louis county to recover $25,000 for personal injuries.   From an order, Dibell, J., overruling defendant's demurrer to the complaint, it appealed.   Affirmed.

*Baldwin, Baldwin & Dancer,* for appellant.

*Samuel A. Anderson* and *Warner E. Whipple,* for respondent.

START, C. J.

Appeal by the defendant from an order of the district court of the

[1]Reported in 129 N. W. 513.

[Note] Care required of railroad companies to prevent injuring small children upon the track, see note in 25 L.R.A. 784.

county of St. Louis overruling its demurrer to the complaint, the here material allegations of which are to the effect following:

The plaintiff is the father of Agnes Urbas, an infant of the age of three and one-half years, who resides with him. He brings this action for her benefit. The defendant's railroad crosses at the surface a public highway at right angles at a point near the city limits of Eveleth and the home of the plaintiff. At all times before the accident and injury hereafter stated the public, including the plaintiff and his family, with the full knowledge and consent of the defendant, used its railroad track in going to and from the city and along and over the public highway. The defendant knew that people were likely to be upon its tracks and right of way near the public crossing at any time. On March 26, 1910, at about nine o'clock in the forenoon, the defendant ran one of its trains over the public highway and up to its station, about fifteen hundred feet from the public highway crossing, and then backed the train along its track to and over the public crossing. Agnes Urbas was then lawfully and rightfully upon such public crossing, and at and near the railroad track, where she wandered from her home, and where she was playing. She was then within the full view of the defendant's brakeman, who was standing upon the rear platform of the rear car, while the train was being so backed, at all times from the time the train left the station until it reached and passed the public highway crossing. While the train was still several hundred feet away, and while it was so backing with its employee upon the rear platform, the child Agnes was at all times in full view of him, and it was then and there evident to any one exercising ordinary care that she was too young to appreciate the purposes and object of any signal that was being given. She was then at the crossing upon the same and quite near the track. When the train was from one hundred to two hundred feet away, the child wandered onto the railroad track and directly in the path of the backing train. The defendant's employee on the rear platform then and there saw, or in the exercise of ordinary care could and should have seen, that the child was in a place of great danger, and was likely to be hit by the backing train, and saw, or in the exercise of ordinary care and

prudence could and should have seen, that she did not know of or appreciate the danger threatening her, and that she was likely to be upon the track as the train reached and passed the highway crossing, and to be hit and injured. The defendant, through its employees, and particularly the one on the rear platform, negligently continued backing the train without slackening the speed thereof, while the child was in imminent danger, although the defendant then knew, or in the exercise of ordinary care could and should have known, that the child did not know or appreciate what the purposes and objects of the signals then given were, or of the approaching danger. The defendant carelessly, negligently, and wrongfully ran over her, and thereby so hurt and injured her as to necessitate an amputation of her left arm at the shoulder joint. The defendant did then and there carelessly, negligently, and wrongfully fail to stop the train, although it had ample time to have done so, and avoid the accident and injury, by the exercise of ordinary care, and carelessly, negligently, and wrongfully failed to make any effort to stop said train or car, but simply continued to back the train in the manner described, in the hope or expectation that the child would get off the track in time to avoid being hit by the train, although the defendant saw and knew, or by the exercise of ordinary care it could and would have seen and known, that the child was likely to be and remain upon said track and be hit by said train.

The allegations of the complaint are prolix, indefinite, and in some respects inconsistent; but such defects cannot be reached by demurrer. It is here urged by defendant that the complaint shows that the child was a trespasser upon its right of way, and therefore it owed her no duty until it actually discovered her in a position of peril. The cases of Erickson v. Great Northern Ry. Co., 82 Minn. 60, 84 N. W. 462, 51 L.R.A. 645, 83 Am. St. 410, and Ellington v. Great Northern Ry. Co., 96 Minn. 176, 104 N. W. 827, relied on in this connection, are not in point; for the place of the accident in each case was the exclusive right of way of the defendant, and not, as in this case, a public highway. The allegations of the complaint, liberally construed, state a cause of action; for they show that the accident occurred in a public highway, and they do not

show that the child was a trespasser therein. The defendant was bound to know that men, women, and children were liable to be upon the public highway, and in backing its cars over the public crossing it was bound to be on the lookout and exercise due care to avoid injuring them. 33 Cyc. 756; Strutzel v. St. Paul City Ry. Co., 47 Minn. 543, 50 N. W. 690; Krenzer v. Pittsburg, 151 Ind. 587, 43 N. E. 649, 52 N. E. 220, 68 Am. St. 252; Johnson v. Reading City, 160 Pa. St. 647, 28 Atl. 1001, 40 Am. St. 752.

Order affirmed.

JAGGARD and SIMPSON, JJ., took no part.