MILDRED LYNCH (BY NEXT FRIEND), PLAINTIFF IN ERROR, v. PUBLIC SERVICE CORPORATION, DEFENDANT IN ERROR.

Argued November 27, 1911—Decided April 19, 1912.

1. Whether an act amounts to a public nuisance is a question of law to be determined by the court.
2. Whether an act not a public nuisance amounts to a nuisance is a question of fact to be determined by the jury.
3. A child of thirteen, while riding down Montclair avenue, in the city of Newark, upon a bob-sled, with several other persons, was injured by the bob-sled coming into collision with a trolley car. *Held*—

   (1) Coasting or sled-riding upon a public street is not in itself such an illegal act as to constitute a public nuisance.

   (2) Plaintiff is entitled to recover for injuries which resulted not from her negligence, but from the negligence of a motorman of a trolley car, even if the manner in which she was coasting at the time of the injury amounted to a nuisance.
4. But even in the case under review, if the operation of the bob-sled was such as to raise a question of negligence and to render its presence on the public street a nuisance, it was eminently a case for the jury whether the accident was due to the negligence of the defendant and whether there was contributory negligence on the part of the plaintiff.

On error to the Supreme Court.

For the plaintiff in error, *Benjamin M. Weinberg.*

For the defendant in error, *Lefferts S. Hoffman* (*Leonard J. Tynan* and *Howard MacSherry,* on the brief).

The opinion of the court was delivered by

VROOM, J. The accident upon which this suit was based occurred at about five-thirty in the afternoon of January 7th, 1910, in the city of Newark, at the corner of Montclair and Mt. Prospect avenues. The plaintiff, a child of thirteen years, was riding down Montclair avenue on a bob-sled with a number of other persons, and the injury she received was occasioned by the bob-sled coming into collision with a trolley car of the defendant company.

It appeared from the evidence that Montclair avenue was a street used by children and others for coasting, and that on the afternoon in question many had taken advantage of the sport. Montclair avenue runs east and west and is intersected by Mt. Prospect avenue, which runs north and south, and upon the latter the defendant runs and operates trolley cars. That the trolley company was aware of the use of Montclair avenue for coasting appears, and it caused all of its cars at that time which were going north to stop at the first or southerly crossing, and all the cars going south to stop at the first or northerly crossing. It appeared that a number of boys stood at the corner of Montclair and Mt. Prospect avenues from time to time and signaled to the sleds and also to the cars. The plaintiff had by invitation made two trips down on the bob-sled in question, and the accident occurred on the third trip. The sled was equipped with a bell, which was kept ringing all the way down the hill. The sled was about twelve feet in length and could be steered.

On the trip when the accident occurred a young man stood at the corner of the avenues in question and signaled to the sleds to come down the hill; soon after he did this he saw

a car coming along Mt. Prospect avenue from the south, and which was then about a block away. Fearing the car was not going to stop, he ran towards it the length of a lot, about eighty-five feet, and signaled it to stop; the car as it got to him slowed up, he jumped from the track, when the motorman put on a burst of speed and ran his car across Montclair avenue and collided with the bob-sled. It also appeared that the person steering the sled saw the car slow up and then start again, whereupon he started to turn his sled up Mt. Prospect avenue, and would have made the turn, but the car put on the burst of speed, which caused the collision. The plaintiff received severe and permanent injuries as a result of the collision.

At the close of the plaintiff's case the defendant moved for a nonsuit, which was granted by the court and judgment entered thereon.

In granting the motion for a nonsuit the trial judge said that, "On a motion to nonsuit two questions arise in this case. *First,* is there evidence tending to show that there was want of due care in the operation of the car which was a cause of the accident? *Secondly,* does it appear that the plaintiff by her own fault contributed to the injury? In this question the word 'fault' is used, not in a popular sense, but in a legal sense. There is evidence to go to the jury on the question whether the car was operated with due care. I pass at once to the other question, which is this: Does it appear from the plaintiff's own case that her own fault was a proximate, direct and immediate contributing cause of the injury? The declaration alleges that the bob-sled was lawfully crossing Mt. Prospect avenue. If this be true, the plaintiff was not at fault. Is it true? The decision of the motion to nonsuit turns on the answer to this question." He further went on to say that an act which seriously interferes with the legitimate use of a public highway and endangers the safety of the travelers upon it, is a public nuisance, and that one who voluntarily and intelligently participates in such act, is in a legal sense a wrong-doer. but he added that coasting on a public highway was not always and

necessarily a public nuisance, that it depended on circumstances. He further held that to coast down hill on a bicycle, if under control, was not a nuisance, and it would not be a nuisance to coast down hill on runners, provided it is in the power of the person who guides the vehicle to check and stop it if occasion requires, but that it was improper to launch upon a highway a traveling body of great weight, which is incapable of control as to its speed, and capable of imperfect control as to its direction.

The contention on the part of the defendant was even broader than the ruling of the trial court; it was that the plaintiff interfered with its rights upon the public streets, and that against the company she was a trespasser, and the duty of the company was such as is due to any trespasser, to wit, merely to refrain from willfully injuring her.

We think the view taken of the case by the trial court was erroneous. The granting of the nonsuit at the close of the plaintiff's case could be justified only upon the ground that the act of the plaintiff was a public nuisance, in fact a nuisance *per se,* the existence or non-existence of which is admittedly a question of law purely. If the act was not a public nuisance, then whether or not the particular thing, act, omission or use of property complained of was in fact a nuisance was to be determined by the jury. 21 *Am. & Eng. Encycl. L.* 621.

We cannot concede that coasting upon a public street is an illegal act, so as to constitute it a public nuisance. Public highways are intended for pleasure uses as well as business uses, and it is difficult to see why a sled coasting down hill should be said to be a public nuisance any more than a sleigh drawn by horses going down the same highway.

The matter of the coasting or sled riding in a public street has been a subject of decision in several jurisdictions, and we agree with the contention of the plaintiff in error that the most logical opinion upon the subject is that of Justice Cooley in the case of *Burford* v. *Grand Rapids,* 53 *Mich.* 98, where he held that "coasting does not necessarily interfere with the customary use of the street and might be indulged

in with no serious inconvenience to anyone, not only in many places in the country towns, but even within the limits of incorporated cities and villages. We are accustomed to make our public ways four rods in width, but it is not expected that the whole four rods will be occupied for travel, and it is possible to make use of parts of the public highway without encroaching at all upon the portions kept in repair and used for passage. * * * It could not be seriously contended that for the municipal authorities to permit coasting upon such a street, would be to license a public nuisance. On the contrary, the sport is healthful and exhilarating; it seems sufficiently proper if the street is not put to other public use, that this diversion be allowed, if not expressly sanctioned. The sport itself is not entirely foreign to the purposes for which public ways are established, for the use of these ways for pleasure riding is perfectly legitimate, and coasting is only pleasure riding in a series of short trips over the same road, not differing essentially from the riding in sleighs, of which so much is seen on the streets of northern cities when suitable weather and proper conditions invite to their enjoyment. See also *Hutchinson* v. *Concord*, 41 *Vt.* 272; *Faulkner* v. *City of Aurora*, 85 *Ind.* 130; *Jackson* v. *Castle*, 80 *Me.* 119.

Even if it be true, as contended, that the plaintiff was engaged in a sport which, when indulged in in the public streets, might be considered a nuisance, yet we think that if her injury resulted from the negligence of the motorman and not from any negligence on her part, she was entitled to recover. *Delaware, Lackawanna and Western Railroad Co.* v. *Trautwein*, 23 *Vroom* 169.

The question of the negligence of the motorman and the contributory negligence of the plaintiff was clearly for the jury. There was evidence which shows that the motormen of the defendant's cars were aware that the hill on Montclair avenue was being used by children and others for coasting, and that a young man was usually at the intersection of Montclair and Mt. Prospect avenues to warn trolley cars of the approach of coasters, and that the motorman of this par-

ticular car had received warning of the approach of this bob-sled. Whether the plaintiff can be held negligent in doing what she did with these precautions having first been taken is for the jury, and whether the motorman, who apparently understood the signal by first slowing down his car, and then disregarded it by putting on a "burst of speed," was himself negligent, manifestly was a question for the jury.

The judgment of nonsuit must be reversed and a new trial granted.

*For affirmance*—TRENCHARD, VOORHEES, VREDENBURGH, JJ. 3.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, KALISCH, BOGERT, VROOM, CONGDON, WHITE, JJ. 10.