IMUS v. ANN ARBOR RAILROAD CO.

1. RAILROADS—STREET RAILWAYS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—COASTING IN HIGHWAY.

Plaintiff was injured while coasting on a public street by colliding with a switch engine of defendant railroad company which, having elevated its main track over the street, had secured permission to maintain a side track at grade for engines, cars, etc., on condition that it keep a flagman at the crossing. Plaintiff knew of the crossing and the use to which defendant put it. No flagman had been installed. Other boys had been accustomed to coast on the hill beneath the viaduct and across the switch track, and defendant had protected them in the past by sending a train hand ahead to give warning of the approach of the locomotive. On the night in question it failed to do so. Plaintiff looked and listened before starting down the hill, but saw no engine or flagman. *Held*, that he was not guilty of contributory negligence, as matter of law.

2. SAME—CUSTOM—EVIDENCE.

The court correctly admitted evidence of the general practice of the public to use the hill for coasting, as it was brought to defendant's notice, and the proofs showed that it had taken precautions to protect those so using the hill.

Error to Washtenaw; Kinne, J. Submitted June 7, 1911. (Docket No. 14.) Decided October 7, 1912.

Case by Nelson Imus, Jr., by next friend, against the Ann Arbor Railroad Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*M. J. Cavanaugh* and *George J. Burke*, for appellant.

*A. J. Sawyer & Son*, for appellee.

BIRD, J.    Plaintiff, a boy of 17 years of age, with several other boys, was coasting one winter evening on Felch street, in the city of Ann Arbor, and while so engaged ran into defendant's switch engine and was injured. Felch street extends east and west, and crosses the defendant's railway at nearly right angles. The railway is constructed in a valley, and from the point where they intersect the ground on both sides rises, within a short distance, to a considerable height. In 1903 the defendant was permitted to elevate its tracks in the city, since which time the traffic on Felch street has passed through a viaduct under the tracks. By consent of the city, the defendant retained one side track at grade on the east side of the elevation, and about 12 feet from it, where it stored cars and its switch engine. The ordinance granting permission to maintain the side track at grade was on condition that whenever it was used a flagman should be stationed at the crossing. No regular flagman was kept at the crossing; but the ordinance seems to have been complied with, whenever the side track was used, by some of the train hands going ahead and acting as a flagman. On the night in question, the boys were coasting on the west hill, and therefore could not see the locomotive coming toward the viaduct on the east side of the elevation until it passed in front of it, and when it was discovered it was too late to avoid the collision.

The negligence complained of by plaintiff was the failure of defendant to have a flagman present at the crossing before sending its locomotive over it, in pursuance of the

ordinance, and for defendant's act in backing its locomotive over the crossing without giving any signal of its approach.

The defendant's chief contention is that plaintiff was guilty of contributory negligence; that plaintiff lived within a quarter of a mile from the place where the accident occurred, and was familiar with the crossing and track and knew that defendant kept its switch engine on that track overnight; that he knew he was engaged in a hazardous pastime, and, had he taken the usual precaution to look and listen before going over the track, he could have avoided the collision.

The record shows that the boys had been in the habit of coasting on this hill and going down through and beyond the viaduct, for several winters, and that defendant knew of this sport indulged in by them, and that it had protected them, when approaching the crossing, by sending one of the train hands with a lantern to give warning of its approach, and that on the night in question it neglected to do this. It was also shown that before starting down the hill they looked and listened, but saw no locomotive nor flagman, and therefore concluded the way was clear.

If it were the custom of the defendant to maintain a flagman at the crossing when it was in use, and to warn the boys whenever it approached with a locomotive, and the boys knew of this and relied upon it on the night in question, and the defendant failed to furnish the protection it had theretofore furnished, we do not think it can be said, as a matter of law, that the plaintiff was guilty of such negligence as would defeat his action. *Moran* v. *Railway,* 124 Mich. 582 (83 N. W. 606); *Theisen* v. *Railway,* 163 Mich. 68 (127 N. W. 708).

Exception was taken by defendant because the trial court permitted plaintiff to show what the custom of the boys had been on that and previous winters in coasting on the west hill. In view of the fact that this custom was brought to the knowledge of defendant, with further proof

of what it did to protect them against injury, we think the testimony was admissible as bearing upon the contributory negligence of plaintiff.

The judgment of the trial court is affirmed.

MOORE, C. J., and McALVAY, STONE, and OSTRANDER, JJ., concurred.