LOUIS STURM, Appellee, v. TRI-CITY RAILWAY COMPANY, Appellant.

**APPEAL AND ERROR:** Presumption in re Abstract—Insufficient Rebuttal. In order to overthrow the presumption that an abstract contains the record, appellee must point out *by proper specification* every instance wherein such presumption is not true. Such presumption is not overthrown by specifying a *few* instances wherein the abstract is inaccurate, and correcting the same, and then alleging generally that the original and amended abstract does not contain all the evidence on certain points. (Sec. 4118, Code, 1897, and Appellate Rule 32).

**NEGLIGENCE:** Anticipating Violation of Law. The jury should, on request, be specifically instructed that one in the lawful use of a

public highway has a right to assume that no one will use the same highway in a manner prohibited by law or ordinance, and that such lawful user is not guilty of negligence if he so assumes.

**TRIAL:** Objections Constituting Request for Instruction. An objection to proposed instructions may constitute a *request* for instructions on the point covered by the objection.

**APPEAL AND ERROR:** Remand for Retrial—Sufficiency of Evidence. On remand for retrial, the appellate court will not pass on the sufficiency of the evidence to carry the case to the jury.

*Appeal from Scott District Court.*—A. P. Barker, Judge.

### July 6, 1920.

### Rehearing Denied December 20, 1920.

Verdict and judgment for personal injuries sustained by the appellee, plaintiff. Defendant appeals.—*Reversed and remanded.*

*Lane & Waterman* and *Cook & Balluff*, for appellant.

*Ely & Bush*, for appellee.

Salinger, J.—I. In an amendment to abstract, appellee makes the following statement:

"Denies that appellant's abstract is a complete and correct abstract of the pleadings, evidence, and repor-

1. APPEAL AND ERROR: presumption *in re* abstract: insufficient rebuttal.

ter's transcript of evidence, etc., and makes the following corrections and additions thereto, but denies that said abstract as so amended contains the evidence as to the nature and extent of the injuries received by plaintiff at the time of the injuries in question and subsequent thereto, and denies that it contains the evidence relating to the extent or amount of damages suffered by plaintiff."

This is followed by specific amendments, both of elimination and of addition. Upon this state of the record, appellee says in argument:

"Appellant cannot ask this court to consider whether the evidence was sufficient to submit to the jury the question of

whether plaintiff was injured after the sled struck the car by reason of the motorman's negligence to stop the car, because the specific denial of appellant's abstract precludes appellant from making such a claim now."

That this may have been a correct position under former statutes and rules may be conceded. The question remains whether it is still a correct position. Under Rule 32, the abstract is presumed to be the record unless there be a denial which points out "as specifically as the case will permit the defects alleged to exist in the abstract." It provides further:

"Should the appellee deem the appellant's abstract incorrect or unfair, he may prepare such additional abstract as he shall deem necessary to a full understanding of the questions presented to the court for decision."

We do not have the question of what is the proper practice on a chancery appeal, and express no opinion thereon. This is an appeal on the law side. On such appeal, we hold that such a denial in general terms as was made here does not eliminate the evidence thus denied. As to some matters, the appellee has amended by specifying in detail what should be stricken from the abstract and what should be added. This course should have been pursued consistently. In our opinion, the proper method of rebutting said presumption for the abstract is not by means of a statement that all the corrections that are made still leave the evidence on a certain subject inaccurate and imperfect, but to go on with the amendment, and to add to the statement that the evidence is incorrectly abstracted, a specification setting forth the true state of the record.

II. In the second instruction, the court charged that the collision and injury will not alone sustain a recovery, because defendant was lawfully in the street with its tracks, and had the right to run its cars thereon; that, while this was so, the public also had the right to lawful use of the street, including the part of it occupied by said tracks; and that it follows that both must use the street with due regard to its proper use by the other; that defendant must use due care to avoid injury to those who might go upon its tracks; and that the public must use like care to avoid being injured by the running of the cars.

2. NEGLIGENCE: anticipating violation of law.

The instruction continues that, hence, before plaintiff can recover, he must show by a preponderance some want of care on part of defendant which constituted the direct and immediate cause of the injury suffered, and that he was free from negligence contributing to his injury; or else he must so prove that, even though he was guilty of contributory negligence, that, after said servants knew his position of danger, they were then guilty of some act of negligence which was the proximate cause of his injury. The exception to this instruction is, in substance, repeated in the error points and the brief points, and the criticism of said instruction is this:

"It applies rules concerning persons lawfully upon the public streets to the present case; that plaintiff was not lawfully nor rightfully upon the street, but was using it unlawfully, and the street car company was under no duty to look out for such unlawful use of the streets; and that, while the rule of law stated in the instruction is correct, it does not apply to persons coasting in violation of the city ordinance."

The exception amounts to an offered instruction (see *State v. Brooks,* 181 Iowa 874, at 877), and therefore the case stands as though the court had refused an offer to the effect that, despite said general rules, the rights of the plaintiff were affected by the fact that he was using the street for coasting, in violation of a city ordinance.

3. TRIAL: objections constituting request for instruction.

The defense of the instruction as given is in the nature of an avoidance. Appellee says that, when this instruction is read as a whole, it is not erroneous, because: (1) It specifically directs the jury that, if plaintiff was negligent, he could not recover unless, after his position of danger became known to those in charge of the car, they were guilty of negligence which was the proximate cause of his injury; and (2) because the jury is expressly told, in Instruction 4, that the mayor had no authority to suspend the ordinance, and that plaintiff's act in coasting in violation of the ordinance was negligence. The argument concludes that the instruction could not be misunderstood, nor mislead the jury, and asserts it is not error for the court to state such general matters in its instructions as will aid the jury to a clear view of the entire subject-matter.

Now, it is true the jury was told: (1) That the defendant owed the plaintiff due care; (2) that the plaintiff must prove he did not contribute to his own injury; (3) that, though negligent, defendant had no right to injure plaintiff, if it could avoid injury after becoming aware that he was in a position of danger; (4) that the act of coasting in violation of the ordinance was negligence; and (5) that the mayor had no authority to suspend such ordinance. But nowhere was it instructed that violating said ordinance had the slightest effect on the right of plaintiff to recover. The instruction given amounts to this: (1) The act of the plaintiff in coasting in the street constitutes negligence; (2) but, though such act constitutes negligence, yet the only thing for the jury to consider is whether plaintiff has shown by a preponderance some want of care on part of defendant which was the direct and immediate cause of plaintiff's injuries, and that he was free from any negligence contributing to that injury; or (3) has so shown that, even if plaintiff was negligent, defendant injured him through negligence, after it knew that he was in a position of danger. There is not a word which presents the theory suggested by the exception: nothing suggests that being in the street for a purpose prohibited by ordinance had any bearing either on whether the defendant was negligent, or on whether plaintiff was free from contributory negligence. The question is whether it was error not to qualify the correctly stated general rule by giving the proper effect to the admitted fact that plaintiff used the street as a coasting place in violation of ordinance.

### 2-a

We agree with plaintiff that a plaintiff is not necessarily guilty of contributory negligence because he is injured while violating some law, and that law violation does not constitute such negligence unless the breach of the law in some manner directly contributed to the injury suffered. See *Beckler v. Merringer*, 131 Iowa 614; *Young v. Chicago, M. & St. P. R. Co.*, 100 Iowa 357, at 359; *Delaware, L. & W. R. Co. v. Trautwein*, 52 N. J. L. 169 (19 Atl. 178); *Lockridge v. Minneapolis & St. L. R. Co.*, 161 Iowa 74, at 87. And we held, in *Herdman v. Zwart*, 167 Iowa 500, that the negligence of defendant is not

conclusively established by a mere showing that he passed the buggy of plaintiff on the side of the highway which, under the law, was the wrong side, in meeting or passing another traveler. But does it follow from the fact that a violation of law may fail to constitute contributory negligence on part of plaintiff, or negligence on part of a defendant, that such violation is of no importance? Does it follow that the violation has no bearing on whether defendant was originally negligent? If it has, and it can be found there was no original negligence, contributory negligence becomes irrelevant. There is no occasion to consider contributory negligence where there is no negligence to contribute to. *Papich v. Chicago, M. & St. P. R. Co.,* 183 Iowa 601, at 614. Concede, for the sake of argument, that this plaintiff did not, by negligence, contribute to his own injury. In the *Papich* case, supra, we denied a trespasser, a child of tender years, a recovery, though we held that there was no contributory negligence in the case. We said:

"Since a child of tender years cannot be charged with contributory negligence, there is but one way to explain the very large number of cases wherein such children have been held to be within the rule as to care due trespassers. Such cases must have proceeded on the theory that the question was not whether the injured child was negligent, but whether the injurer was; that the inquiry is not directed to whether the child contributed to negligence, but whether there was any negligence to contribute to." (183 Iowa 614.)

Our final holding was that there should be no recovery because "one who injures a trespasser when he does not know one exists is not guilty of negligence, since he is under no duty to anticipate that anyone will commit a trespass." (612).

2-b

We are not overlooking the existence of isolated cases which contend for a different rule under some circumstances, and where a sled handled by a *child* comes into collision. The fact remains it has been almost universally held that one is not negligent for failing to anticipate the trespass of children. *Morrissey v. Eastern R. Co.,* 126 Mass. 377; *Gavin v. City,* 97 Ill. 66, 71; *McAlpin v. Powell,* 55 How. Pr. (N. Y.) 163; *Snyder*

*v. Hannibal & St. J. R. Co.,* 60 Mo. 413; *Zoebisch v. Tarbell,* 10 Allen (Mass.) 385; *Chicago & A. R. Co. v. McLaughlin,* 47 Ill. 265; *Wagner v. Chicago & N. W. R. Co.,* 122 Iowa 360, 367; *Hestonville P. R. Co. v. Connell,* 88 Pa. St. 520. And it is said, in *McDermott v. Kentucky Cent. R. Co.,* 93 Ky. 408 (20 S. W. 380), that it would be unreasonable and oppressive to require those operating a railroad to take into consideration that children might be trespassing. And so as to mental defectives. We said, in *Thomas v. Chicago, M. & St. P. R. Co.,* 93 Iowa 248, at 255, that:

"The better considered cases hold that it is entirely immaterial that the trespasser is an infant, idiot, or lunatic."

To the same effect is *Brown v. Rockwell City C. Co.,* 132 Iowa 631, at 638, and *Papich v. Chicago, M. & St. P. R. Co.,* 183 Iowa, at 615.

But we are not called upon to determine here what duty is owed to an infant trespasser, or to an idiot. All our discussion on that head is merely a premise from which to argue that, even though violation of the law may not constitute contributory negligence, it may have an important bearing on whether a defendant was negligent at all. The controlling question is not what are the rights of infants or mental defectives, but whether the court erred in declining to charge that this defendant was not wanting in due care, merely because, in operating its car, it did not take into consideration that a collision might occur because an adult was coasting in the street, in violation of city ordinance. The proposition we are affirming is that one is not negligent for failing to anticipate that certain acts will be done by anyone. That was the holding in the cases to which we have already referred. And it is elementary law that no one is required to presume that another may be negligent—much less to presume that he may be an active wrongdoer. *Philadelphia & R. R. Co. v. Hummell,* 44 Pa. St. 375; *Brown v. Lynn,* 7 Casey (Pa.) 510; *Reeves v. Delaware, L. & W. R. Co.,* 6 Casey (Pa.) 454.

2-c

Appellee relies greatly on *Rowe v. Hammond,* 172 Mo. App. 203. In it, the court adopts *Reusch v. Licking R. M. Co.,* 118

Ky. 369 (80 S. W. 1168). That case holds that rushing a large sled, loaded with several persons, rapidly over the ice, down a declivity, and in the dark, endangers the safety of every traveler upon the highway in its course; that the purposes for which the street was made and for which it was used were inconsistent with such use of it; and that this sled, loaded as it was, and gathering momentum as it went, was, *per se*, a nuisance; and that one who creates a nuisance and is thereby injured, cannot recover. While holding with this, the Missouri court avoids it in the case before it, on the ground that, even as to those who perpetrate a nuisance, one who finds peril exists through the instrumentality of that nuisance is not justified in putting others to that peril if he has seen their danger, or should have seen it, and had means at hand to avert that danger. This much is but a holding that, though a person commits a nuisance, he is still entitled to the benefits of the doctrine of the last clear chance. But that that is so is irrelevant on the point now under consideration, which is whether one is negligent in operating a street car in the belief that no unlawful use of the street is being made. Anything there may be in the decision which is germane to the point we are speaking to is dictum, because it is found that the defendant must actually have seen the persons in peril, and had merely gambled on the sled's being out of reach before the car reached the point of ultimate collision. It is expressly stated that defendant was guilty of wanton conduct and of willful action, "and that, after he must have had knowledge of the approach of the sled, he withheld until too late the saving motion of the hand, doubtless in the belief that the sled would cross over ahead of the car."

In another aspect of applying the doctrine of the last clear chance, it is held in the *Rowe* case that *Williams v. City,* 166 Mo. App. 299, is inapplicable because that was a case where the wrong of the plaintiff would be a defense. Paraphrased, its holding at this point is that, where contributory negligence may be relied on as a defense, the plaintiff cannot recover. That is a sound rule; but, as has been shown, it has no relevancy to what is involved here.

The *Rowe* case concedes that, as to a trespasser who is injured, the one who injures him is not chargeable with any neg-

ligence in failing to anticipate that the trespasser is present, and is under no liability until he has actual knowledge of his danger. It cites, with others, our *Thomas v. Chicago, M. & St. P. R. Co.,* 93 Iowa 248, for that proposition. For the same proposition, it also recognizes *Barker v. Hannibal & St. J. R. Co.,* 98 Mo. 50. But a distinction is attempted, and it is this:

"Plaintiff was not a trespasser, in the sense in which that term generally is employed. He was not on private property, and was not invading the property rights of another. His wrong consisted, not in being in a place where he had no right to be, since he had the undoubted right to travel on Thirty-seventh Street, * * * but in exercising a lawful right—the right to travel the street for pleasure—in an unlawful manner. That the chauffeur owed him a duty under the humanitarian rule is certain and is conceded, and we say that duty was not compressed within the limits of that owed to a mere trespasser on private property, whose presence in a place of danger the owner has no reason to anticipate. It is more consistent with our ideas of reason and humanity to say that the rights of plaintiff should be measured by the duty the chauffeur owed the public using the streets."

In effect, this is a declaration that, if one who violates law by coasting in a public street can be treated as a trespasser, then there is no negligence in operating street cars with reference to his existence until it is known that he exists; but that, since one has the right to use a street lawfully, he is not a trespasser when he is using it unlawfully. It all exhibits a remarkable failure to appreciate that no special rule has been worked out with reference to trespassers. It is true that, as to one who does trespass, no duty is owed until his existence is known; but the reason for that does not lie in the fact *that the particular infraction of law is trespass.* The basic reasoning is that no one is negligent for failure to anticipate violation of law on part of another; that all may assume that all others will obey the law, and are not negligent for so assuming. It has happened that this has been applied to the particular violation of law involved in a trespass. But because there is no duty to anticipate the existence of that particular offense, it is not to be held that the rule applies to that offense only. In logic, the rule is

not that a trespasser need not be anticipated, but that violations of law, *including trespass,* need not be. That there is no duty to anticipate the particular offense known as trespass does not constitute a class, nor is it a rule of itself. The *rule* is that, since men ordinarily obey the law, no one is bound to anticipate, on pain of being held negligent, that someone will, through means of violating *any* law, be endangered by the lawful use and operation of property. The rule is not limited to the anticipation of a trespasser. The rule as to him is not followed on any thought that a trespasser has no rights, and that all men are at liberty to execute him. We said, in *Papich's* case, 183 Iowa, at 614:

"In the large number of decisions that dispense with all care until it is known that the trespasser is in peril, none proceed on the reasoning that the life and liberty of the trespasser is of no value, and entitled to no protection. That is proven by the fact that every care is held to be due him, when it is once known he exists. And the reasoning underlying the dispensation from duty to care is wholly that no one is negligent for not anticipating or assuming that a trespass is being constantly committed. Upon this reasoning, and this only, all the case law becomes harmonious."

On the reasoning which excuses the failure to anticipate a trespasser, this defendant was under no duty to anticipate that someone would violate the ordinance against coasting, merely because the right existed to use the street in lawful manner. And the court erred in not charging accordingly.

### 2-d

In *Strutzel v. St. Paul C. R. Co.,* 47 Minn. 543 (50 N. W. 690), a recovery was allowed for injury to a child of six, although its use of the street was unlawful. But this is founded on the unsound reason that a distinction is worked between trespass and other violation of law, and the ultimate decision is merely that there was liability if the driver saw, or in reason could have seen, the child coasting. He was not excused from governing himself accordingly merely because such coasting constituted an unlawful act. In *Imus v. Ann Arbor R. Co.,* 172 Mich. 292 (137 N. W. 682), an ordinance gave the use of the street on condition

that a flagman be stationed at the crossing, and it is found in the case that there was such a flagman, and that he usually warned coasting boys; further found that the boys knew of this custom, and relied on it while coasting, and that knowledge of this custom was brought home to the defendant.  One essential holding is no more than that here was no contributory negligence, as matter of law.  Let it be noticed that coasting was forbidden neither by ordinance nor law.  And the real decision turns wholly on the effect of the custom to give protection to coasters where such protection was not observed at the time of the injury.  One thing decided in *Lynch v. Public Service Corporation*, 82 N. J. L. 712 (83 Atl. 382), is that, even if coasting be conceded to constitute a public nuisance, yet a child is not barred from recovery by *contributory negligence*.  As for the rest, neither ordinance nor statute is involved in the case.  The holding is that, in and of itself, coasting on a public street is not an illegal act, that constitutes a public nuisance, and, therefore, not an act that will bar recovery to a child so coasting, for injuries received in colliding with a street car.  How vitally this decision would be affected were there a prohibitive statute or ordinance can be seen by the following extract:

''We cannot concede that coasting upon a public street is an illegal act, so as to constitute it a public nuisance.  Public highways are intended for pleasure uses, as well as business uses; and it is difficult to see why a sled coasting down hill should be said to be a public nuisance, any more than a sleigh drawn by horses, going down the same highway.''

Reference is had to the case of *Burford v. City*, 53 Mich. 98 (18 N. W. 571), which, so far as material here, is a statement that this sport is healthful and exhilarating; that, therefore, it seems sufficiently proper, if the street is not put to other public use, that this diversion be allowed, if not expressly sanctioned; that the sport itself is not entirely foreign to the purposes for which public ways are established; that the practice does not differ essentially from that of riding in sleighs; and that ''it would not be seriously contended that for the municipal authorities to permit coasting upon such a street would be to license a public nuisance.''  It is a case where coasting was permitted, and, at any rate, was not prohibited.

2-e

We have distinguished the line of cases relied on by the appellee, and have concluded that, on reason as well as authority, one is not negligent for failing to govern himself in anticipating that coasters may be using the street in violation of law. It remains but to add that cases are not lacking which expressly sustain this last position. We held, in *Doherty v. Des Moines City R. Co.*, 144 Iowa 26, that, while it is the duty of one who crosses a street car track to avoid collision with an approaching car, if he sees the car, even though it is running at an excessive rate of speed, yet, in making his observations and in exercising reasonable care for his safety, he is not bound to assume that the car is running at an unlawful speed. In *Trout A. L. Co. v. People's G. L. & C. Co.*, 168 Ill. App. 56, at 59, it is ruled that, to be in the exercise of ordinary care, the law does not require a party to anticipate that a chauffeur will violate the law of the road by driving his machine on the left side of the street. The holding of *Posener v. Long*, (Tex.) 156 S. W. 591, is that, where the plaintiff walked beside a street car track, waited for an approaching car, stood looking in the direction from which it would approach, and was then struck by an automobile, approaching from the direction opposite in which he was looking, he was not guilty of negligence, as matter of law, in not having looked and listened for the approach of this automobile, which was going on the wrong side of the street, in violation of a city ordinance. In *Pilgrim v. Brown*, 168 Iowa 177, there was an ordinance that, whenever two vehicles approach each other on different streets intersecting each other at right angles, and the two vehicles are traveling at speeds that will bring them simultaneously to such intersection, the vehicle on the right shall have the right of way. We held that plaintiff may not be held to be negligent for not giving to defendant the right of way at a street intersection, as required by said ordinance, when the necessity for giving such right of way was occasioned by defendant's violation of an ordinance limiting the speed of vehicles—and this, because plaintiff had the right to presume that the defendant would not violate such law. We said that one who traveled at lawful speed had the right to expect that the other was keeping within the same

lawful limit, unless he knew, or ought to have known, that appellant was, in fact, coming on at such an excessive speed as was likely to bring about a collision; that "the ordinance does not and reasonably could not charge a driver who is observing the law of the road to discover at his peril the approach of one who is violating that law, and yield him the right of way;" and that, "indeed, it is open to serious doubt whether a driver can unlawfully convert a public street into a race course or speedway, and escape liability on the plea that a person who is thereby injured while in lawful use of such street ought to have been more careful."

It all comes to a rule that no one need anticipate *any* law violation. We have already said that the charge of the court disregarded this rule.

III. The remaining assignments assert in various ways that there is no support in the evidence for a recovery by plaintiff. It is said no evidence warrants the giving of Instruction 5, Instruction 6, and Instruction 7; that no question of fact should have been submitted, because plaintiff was guilty of contributory negligence, as matter of law; that, on the evidence, the jury could not find for plaintiff under the doctrine of the last clear chance; and that, for the reason aforesaid, the court erred in refusing to direct verdict in favor of the defendant.

**4. APPEAL AND ERROR: remand for retrial: sufficiency of evidence.**

It has to be said that the question of the sufficiency of the evidence is a very close one. But, as there must be a reversal in any event, and as we might not all be agreed upon whether the evidence was or was not sufficient to carry the case to the jury, proceeding under familiar rules of practice, we refrain from passing upon that question at this time, and prefer to withhold a decision on that point until such time, if ever it shall come, when there must be an affirmance unless we hold that a verdict for the plaintiff cannot be sustained under the evidence. *State v. Asbury,* 172 Iowa 606, at 616; *State v. O'Donnell,* 176 Iowa 337, at 340; *International Harv. Co. v. Chicago, M. & St. P. R. Co.,* 186 Iowa 86; *State v. Strum,* 184 Iowa 1165.

For the reason stated, the cause must be—*Reversed and remanded.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.