# The Chicago & Alton Railroad Company

*v.*

# James McLaughlin.

1. Negligence—*where the plaintiff alone is in fault.* Where, in an action against a railroad company for injuries received by the plaintiff from the alleged carelessness of one of the defendant's employees, the evidence disclosed no omission of duty, or wrongful act on the part of the servant, whereby such injuries resulted, the company cannot be held liable, the plaintiff alone being in fault.

2. Railroad companies—*concerning duties of.* It is no part of the duty of a railroad company to maintain a guard over their cars left standing upon its track, in order to keep children, playing about them, from getting upon or under them, and thereby save them from injury.

3. Where a freight car is standing upon a railroad track, separate from any other car or engine, and the yard-master mounts the car to loosen the brakes, it is not his duty to give any signal before the brakes are loosed, lest the car might move, when he has no reason to suppose any person would be endangered thereby, although, when he mounted the car, there were boys near the car, beside the track.

Appeal from the Circuit Court of Sangamon county; the Hon. Edward Y. Rice, Judge, presiding.

The opinion states the case.

Messrs. Palmer & Hay, for the appellants.

Messrs. McClernand, Broadwell & Springer, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an action brought by James McLaughlin against the railway company, for injuries received by him from the

34—47th Ill.

alleged carelessness of one of the employees of the corporation.   It appears the track of the road is laid down through
one of the public streets of the city of Springfield, and its
freight depot fronts upon the street.   The track is thus accessible to the public.   The plaintiff was at play with other boys
upon the track, or street, and climbed upon the step or stirrup
of a freight car standing there.   The yard-master came and
mounted the same car, going to the top by the same stirrup,
at the south end of the car.   As he went up the stirrup the
boy let go and stood by the side of the car.   The yard master
passed, on the roof of the car, to the north end, and loosened
the brakes.   The car then began to move, from what cause
does not appear, as it was an isolated car, but we suppose it
was standing on a descending grade.   Before the car had
moved over a space equal to its own length, it passed over the
foot of the boy, inflicting serious injury.   This is the account
given by the witnesses for the plaintiff.   It does not appear
how the boy's foot happened to be caught by the car wheel,
but each count of the declaration avers that the plaintiff was
on the car when it was set in motion, and was cast upon the
ground.   If that be so, he must have again climbed upon the
stirrup after the yard-master had mounted the car.   That he
had let go his hold when the latter went up, and was standing
upon the ground, there can be no doubt.   His witness so testifies, and he would undoubtedly let go the stirrup, on which
the witness says he was swinging, to allow the yard-master to
pass.   The yard-master gave no signal that the car was about
to move.

How the yard-master was guilty, in this transaction, of culpable negligence, we are wholly unable to perceive.   Waiving all question of what degree of negligence is attributable.
to parents who permit their children to play about railway
depots and cars, we are of opinion that this evidence discloses
no omission of duty, or any wrongful act on the part of the
railway employee.   It is to be inferred from the instructions,

that the case was tried in the court below on the theory that it was the duty of the railway company to keep a guard over their cars left upon the track, in order to keep boys from getting upon or under them, and that, in this case, the yard-master should have given a signal before loosening the brakes. Neither proposition is maintainable. A railway car, standing by itself upon the track, is, ordinarily, a very harmless object, and, unless there is something in or about it that renders it dangerous, we know no reason why the railway company should be required to establish a guard over it. As to the neglect of the yard-master, in this case, to give a signal, the witness testifies that after mounting the car he could not see the boy upon the ground. As the boy had let go his hold upon the stirrup before the yard-master mounted, and as he had no right to climb up the car, the yard-master might well suppose, when he loosed the brakes, that the boy still was on the ground where he had left him. Not seeing him upon the car, and having no reason to suspect he was there, the omission to give him warning was certainly not negligence. He had no cause for suspecting the boy to be in danger. The motion of the car, starting by itself on the removal of the brakes, would, necessarily, be very slow, and not dangerous to the boy, even if the yard-master had known him to have again climbed upon the stirrup. But he could not have known it, or have had any good reason to suspect it, and it would be very unreasonable to hold that, under such circumstances, it was negligent in him to remove the brakes without giving a signal. He could see no occasion for a signal.

The verdict is wholly unsustained by the evidence, and the first and fourth instructions given for the plaintiff will require modification so as to conform to the foregoing views. They assume it was the duty of the yard-master to give warning. We hold there was no such duty, unless he knew or had reason to believe that the boy was in a position where he would be placed in peril by the movement of the car.

*Judgment reversed.*