The Central Railroad and Banking Company *v.* Rylee.

1. A deed made in 1869 to the defendant company, or its predecessor, conveying the land on which the yard of the company is located, was irrelevant. An exception in the warranty of title which that deed contained would be no evidence that the public or any individual had a right of way or used the premises as a passway at the time the accident occurred, the exception merely excluding from the warranty rights, if any, that may have grown up previous to the execution of the deed. Other evidence tending to show how the premises were used before they became the railroad yard of the company was irrelevant, and therefore inadmissible.

2. Though the analogies of criminal law touching presumptions as to the age of discretion are properly regarded by a court in ruling upon a demurrer where contributory negligence by an infant is involved (as was decided by this court in *Rhodes* v. *Georgia Railroad*, 84 *Ga.* 320), it is doubtful whether these analogies have any relevancy on the trial of the case before the jury. It would seem the better rule would be for the jury to deal with each case on its own facts, unhampered by presumptions of law either for or against the competency of the child. In the present case, however, the charge of the court on this subject, if erroneous, was harmless.

3. Only express consent would serve to license a thoroughfare under stationary cars. Mere knowledge by a railroad company, or its servants, that numerous persons, including children, without any public or private right of way, passed daily and hourly through its yard situate in or near a populous part of the city, and crawled under stationary cars occupying its tracks, will not render it liable for an injury occurring to a child by a sudden and involuntary movement of a long line of such cars resulting from the negligence of the company's servants in handling other cars several hundred yards distant from the scene of the accident, such other cars rolling against the standing cars and setting them in motion whilst the child was passing under one of them.

4. The other grounds of the motion are not cause for a new trial.

July 13, 1891.

Evidence. Negligence. Infancy. Charge of court. Railroads. Before Judge Van Epps. City court of Atlanta. September term, 1890.

Reported in the decision.

Calhoun, King & Spalding and J. T. Pendleton, for plaintiff in error.

Hoke & Burton Smith, *contra.*

SIMMONS, Justice.

Maud Rylee, by her next friend, brought her action against the defendant for damages. So far as specifically enumerated, the facts in the declaration (excluding certain mere conclusions therein stated and which, in connection with the specific facts alleged, made the declaration good against a demurrer) were substantially proved and were as follows: The defendant company had a yard in which it left stationary cars. Two streets ended at this yard, but there was a passway from one of these streets to the shops of another railroad company, and this passway was used by men, women and children at all hours of the day, and was so used with the knowledge of the defendant. The places at which the people were accustomed to pass were, at the time of the injury, occupied by stationary cars, and "the line of cars stretched as far as the eye could see." The plaintiff was under nine years of age, and was going to the shops of another railroad to carry a meal to one of the employees. When she reached the place where people usually crossed, she found it occupied by these stationary cars. There was no way for her to cross except by passing under the cars. Children in the neighborhood were in the habit of passing beneath the cars while standing at the place. In attempting to pass under one of the stationary cars she was injured. The injury was occasioned by the employees of the defendant "kicking" other cars from a quarter of a mile above where the child was, and out of sight, and these cars ran down and "kicked" the stationary cars so as to cause them to move, and the one under which the child was ran over her leg. The plaintiff further proved that people were in the habit of crossing at this place before the railroad company established its yard. The plaintiff also introduced the deed by which the defendant company obtained title to this property,

dated in 1869, in which it was recited that the company then claimed and had possession of the premises therein described, which were also claimed by the vendors, who had brought ejectment against the company, which, to settle the action and to obtain an undisputed warranty-title to the premises in fee simple, had, by way of compromise and without surrendering its former claim or conceding the invalidity thereof, agreed to pay the vendors $2,000, for which consideration the vendors warranted the title to the premises against the claims of all persons whatsoever; but this warranty was not to extend to any right the Western & Atlantic Railroad and certain other named persons might have to remove the buildings, tracks or other structures erected by them on the premises, "nor to any right of way the public may have acquired in streets, ways or roads over, across or upon said premises." The defendant objected to the admission of this deed in evidence, because it showed no use by the public of a passway across its tracks, and because, if it did, it showed a right to use by the public, whereas this suit is to recover on the ground of permissive use by the defendant. The objection was overruled, and the defendant excepted. A witness for the plaintiff testified that he had lived on Mechanic street since 1863; that it was a common wagon way until about 1870; from 1855 to 1860 there was no obstruction across the old Monroe track. "We passed on just as though it continued a street; we walked on it and drove on it and rode on it." The defendant moved to rule this out, because it did not show a permissive use by the defendant to pass over its tracks, but referred to a use at a time prior to the occupancy of the place by tracks and before its ownership by the defendant. This objection was overruled, and the defendant assigns error thereon.

1. Counsel for the plaintiff insisted that the deed was

admissible because the exception in the warranty showed that at the time the railroad company bought the land, people were using the place as a passway, and thus brought home knowledge to the company of this fact. The deed was clearly inadmissible and irrelevant. While the warranty in the deed was a limited one, it was not the purpose of the grantors in making the limitation to assert or to give notice to the grantee that the public had acquired the right to pass over the land. The grantors only intended to limit their liability in case it should subsequently appear that the public asserted a right to use the land as a passway. The limitation in the warranty does not give notice, nor was it intended to give notice, to the grantee, that the public had acquired or were exercising the right of passage over the land. The other evidence tending to show how the premises were used before they became the railroad yard of the company, was also irrelevant and inadmissible. The company could not be bound by the use made of the premises by the permission or acquiescence of its former owner. The company purchased it for the purpose of laying tracks and running cars thereon, and for the purpose of keeping other cars standing on it when not in use, a purpose totally inconsistent with the former use by the public. The purpose for which the company purchased the land, to wit, to lay tracks and keep standing cars thereon, destroyed the former use by the public. It was in effect a notice to the public that the land could not be used longer as a passway. It seems, therefore, it would be absurd to hold that the company was bound to recognize the former use made of this land by the public.

2. The judge charged the jury that "the law declares that an infant under the age of ten years *prima facie* does not have sufficient capacity and discretion and knowledge of right and wrong to make her responsible

for her conduct and acts, unless it is clearly shown that she had such capacity and discretion. The presumption is that she did not have sufficient capacity to be sensible of danger and to have the power to avoid it, and this presumption continues until overcome by proof showing the contrary." This charge was excepted to by the defendant and assigned as error in its motion for a new trial. Where a child under fourteen years of age is injured and brings his action for the injury, and there is a demurrer to the declaration on the ground that the allegations therein show that the child did not observe due care or could have avoided the injury by the observance of such care, the court may overrule the demurrer, on the ground that *prima facie* the child did not have sufficient knowledge or capacity to know what was due care, or sufficient capacity to have avoided the injury by its observance, and may invoke the analogy of the criminal law, and hold that the presumption is that the child did not know or did not have sufficient capacity, as was held in the case of *Rhodes* v. *Railroad*, 84 *Ga*. 320. But where there is no demurrer and the case is submitted to the jury, there is no presumption one way or the other, and the jury must find from the evidence whether the child had sufficient capacity at the time of the accident to know the danger, and to observe due care for its own protection. If it has such capacity and voluntarily goes into danger or to a dangerous place, it cannot recover; otherwise it can. *Young* v. *Railroad*, 81 *Ga*. 397, s. c. 83 *Ga*. 512. It depends altogether upon the capacity of the child at the time of the injury. The better rule would be for the jury to deal with each case upon its own facts, unhampered by presumptions of law either for or against the competency of the child. In the present case, however, the charge of the court on this subject, if erroneous, was harmless.

3. It was argued by counsel for the defendant in error that the fact that the people were allowed to use this place as a passway to go under these cars when they were stationed upon the track was a license by the company for them to do so, and the company was therefore bound, before it moved the stationary cars, to give the public notice, and not having done so in this instance, it was guilty of such negligence as would authorize the plaintiff to recover. It is such gross negligence and want of care, and so reckless an act for persons to attempt to pass under cars which are left standing upon the track and are liable to be moved at any moment, that we do not think a license can be implied from the fact that the company had knowledge that people were in the habit of passing under the cars there. Where under such circumstances a person attempts to pass under the cars and is injured, before he can recover upon the theory that he had a license to pass under the cars, he must prove to the satisfaction of the jury an express license from the company. It would be unreasonable to hold the company bound by an implied license or permission, when the act is of such a negligent character. It would be unreasonable to hold the company bound by an implied license when it is occupying the track with its own cars. It would be unreasonable to hold that it had agreed that others might have a joint occupancy of the tracks at the time the company was using them for its own purposes. The joint use by the company and by the public of the tracks at the same time, would be so inconsistent and so dangerous that the law will not imply a license from the company to the public for such joint use. The placing of stationary cars in its yard on the tracks where people are accustomed to pass is notice to the public not to attempt to pass while the cars remain, and if a person undertakes to pass under the cars he does

so at his peril. It is different where the public pass over a track which is occupied by a railroad company with its cars only a few times a day, and then when the track is not being used by the company. In a case of that kind, where the railroad company permits people to pass over its track when not in use by the company, the permission may amount to an implied license; but where the company is in continuous occupation of its tracks, either in running its cars or in keeping station-- ary cars thereon, a license will not be implied. The facts of this case show that the cars constantly occu- pied these tracks; that this stationary train was more than a quarter of a mile long, and that at the upper end of the train the servants of the company, negli- gently perhaps, kicked another train of cars against the stationary train and set it in motion, and thus injured the plaintiff. We do not think the mere knowledge by the company or its servants that numerous persons passed daily and hourly through its yard, situated in a populous part of the city, and that they crawled under these stationary cars, will render the company liable for an injury occurring to this child, under the facts above stated.

4. The other grounds of the motion are not cause for a new trial.          *Judgment reversed.*