No. 1,743.

## HALL v. THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

PLEADING.—*Complaint.*—*Railroad.*—*Death by Wrongful Act.*—*Willful Injury.*—A complaint, in an action against a railroad company for willful injury to plaintiff's decedent, while passing through a train of cars standing on the track, does not state a cause of action where it is not disclosed that defendant had actual knowledge that decedent was between the cars when the train was started and the injury done.

RAILROAD.—*Licensee.*—A railroad company owes to a mere licensee no duty of protection against its negligence.

From the Madison Circuit Court.

*E. S. Boyer*, for appellant.

*B. K. Elliott, W. F. Elliott, F. L. Littleton,* and *Lovett & Ryan*, for appellee.

GAVIN, J.—Appellant sought to recover damages for the death of his boy, caused by appellee's negligence.

The demurrer to his complaint was sustained.

The deceased was a child thirteen years and eleven months old, of ordinary capacity and intelligence, who, in connection with the public, had been accustomed to walk along and across appellee's tracks, between certain street crossings, with the "knowledge, permission, license, and acquiescence" of appellee. Upon the day named, the deceased, desiring to cross said tracks when a long train of cars had been standing thereon and across a public street an unreasonable length of time, undertook to pass between the two cars, and, while he was so doing, the cars and train were "suddenly, negligently, unexpectedly, and without warning of any kind given to the said boy, and

with unnecessary, unreasonable, reckless, and willful force," violently started and the boy caught and killed.

There are the general averments that the injury occurred without any fault upon his part, and solely by reason of "the careless, negligent, reckless, and willful management of the premises of the said railroad company, and of the said freight train by the said railroad company, as aforesaid."

It was also averred that the company had failed to comply with an ordinance, requiring it to keep a flagman at the street crossing, who should guard said crossing with a view to prevent accidents to those passing over and about the same, and who, had he been there, might, by the exercise of reasonable care, have seen the deceased as he approached and passed between the cars.

It is not alleged that appellee had any actual knowledge of the deceased being between the cars.

The averments of the complaint are wholly insufficient to make a charge of "willful" killing. *Louisville, etc., R. W. Co.* v. *Davis*, 7 Ind. App. 222; *Gregory, Admr.*, v. *Cleveland, etc., R. R. Co.*, 112 Ind. 385.

There is no allegation in the complaint that the deceased was upon the track by the invitation of appellee, nor are the facts set forth above, and others stated in the pleading, sufficient to show an implied invitation as a necessary conclusion of law or fact. The most that can be said of them is that they would constitute some evidence from which a jury might infer an invitation.

While we should hesitate to hold that a license to the public to pass along and over its tracks at points remote from street crossings could rightfully be construed into a permission to cross them when occupied

by trains; still, assuming that the deceased was killed by reason of appellee's negligence, and was upon the track as a licensee at this time, he was but a bare licensee, not there to transact any business with the appellee, nor in any manner for its advantage or profit.

The case of *Cleveland, etc., R. W. Co.* v. *Adair*, 12 Ind. App. 569, is conclusive against appellant's right to recover. Although the writer did not concur in that view of the law, the case is directly in point and decisive that, "Under these circumstances, the appellant owed him no duty to protect him from its mere negligence."

This case differs widely from *Cleveland, etc., R. W. Co.* v. *Keely*, 138 Ind. 600, in its circumstances, and their legal effect.

Judgment affirmed.

Filed June 16, 1896.