## ERIE R. CO. v. SWIDERSKI.

### (Circuit Court of Appeals, Third Circuit.   June 24, 1912.)

#### No. 45.

**1. RAILROADS (§ 382\*)—INJURIES TO CHILDREN—STATUTES.**

New Jersey General Railroad Law (3 Comp. St. p. 4245) § 55, provides that it shall not be lawful for any person other than those connected with or employed on a railroad to walk along the tracks, except when the same shall be laid on a public highway, and if any person shall be injured by any engine or car while walking, standing, or playing on any railroad, such person shall be deemed guilty of contributory negligence, etc.  *Held* inapplicable to children playing around freight cars in a railroad yard with the knowledge of the railroad company, who are not of sufficient age to be guilty of contributory negligence at common law.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1297–1304; Dec. Dig. § 382.\*]

**2. RAILROADS (§ 382\*)—INJURIES TO CHILDREN—"PERSON."**

The word "person," as used in such section, should not be construed to include children so young as to be incapable of contributory negligence, under the rule that, where a statute seeks to change an existing status of a portion of a community, the change must be made in language so clear as to unmistakably manifest such legislative purpose.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1297–1304; Dec. Dig. § 382.\*]

**3. RAILROADS (§ 359\*)—PERSONS ON TRACK—CHILDREN—LICENSEE.**

Where a child of immature years, who could not for that reason be charged with contributory negligence, or with being a trespasser, was injured while playing about some standing cars in a railroad yard through the railroad company's negligence, the latter's liability was not limited to an injury wantonly or willfully inflicted.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1238, 1239; Dec. Dig. § 359.\*]

In Error to the District Court of the United States for the District of New Jersey.

Action by Anastasia Swiderski against the Erie Railroad Company. Judgment for plaintiff, and defendant brings error.   Affirmed.

Collins & Corbin, of Jersey City, N. J. (George S. Hobart, of counsel), for plaintiff in error.

J. P. Tumulty (George E. Cutley, of counsel), for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and BRADFORD, District Judge.

BUFFINGTON, Circuit Judge.   In the court below, Anastasia Swiderski, a minor citizen of New Jersey, brought suit by her next friend and recovered a verdict against the Erie Railroad Company, a corporation and citizen of New York, to recover damages for personal injuries suffered by her through its alleged negligence.   On entry of judgment thereon this writ was sued out by the railroad.

On the day of the injury, the plaintiff, then between 7 and 8 years

old, with other children, was playing about some five or six disconnected freight cars which were standing on a main freight siding of defendant lawfully located on Twelfth street in Jersey City. This track, in railroad parlance called a "main lead," and two spurs therefrom, were used in switching freight cars to private warehouses on each side of the street. Plaintiff and other children often played under and about the freight cars standing on these tracks, so that, as stated in the court's charge:

"It may be accepted in this case as an established fact that children were around those cars at different times and that the defendant company's employés knew it."

On the day in question, an engine, pushing ahead two cars of apples destined for one of the warehouses, came onto said main lead. To reach the desired spur it was necessary to couple up the standing cars with the apple cars and push them all to the warehouse. In doing so, the plaintiff charged, and the verdict established the fact, that defendant was guilty of negligence in that its crew, knowing children were accustomed to play about such standing cars, moved them without due lookout for, or warning to, the children. The verdict also established the fact that plaintiff by reason of infancy was not guilty of contributory negligence. It is now, as it was upon the trial, contended by defendant that peremptory instructions in its favor should have been given on two grounds: First, that plaintiff's recovery was barred by section 55 of the General Railroad Law of New Jersey (3 Comp. St. p. 4245; see footnote [1]); and, second, that even if not barred thereby plaintiff was a licensee for whose injury through defendant's negligence the latter was only answerable if such negligence was wanton and willful.

[1] The answer to the first question depends on whether a child playing at the locus in quo, with the implied consent of the defendant, and whose infancy is such that it cannot be charged with contributory negligence, falls within the provisions of such statute. Prior to the passage of this statute, the law was settled that a child of such tender years as to be incapable of discerning danger or of exercising sufficient care for its own safety could not be held guilty of contributory negligence. 1 Thompson's Commentaries on the Law of Negligence, § 303. It follows, therefore, that if this statute is held to be simply declaratory of the pre-existing law, the word "person" must be held to include such infants only as in law may be guilty of contributory negligence. On the other hand, if the statute is held to impose on such immature infants the burden of contributory negli-

[1] "It shall not be lawful for any person, other than those connected with or employed upon the railroad, to walk along the tracks of any railroad, except when the same shall be laid upon a public highway. If any person shall be injured by an engine or car while walking, standing or playing on any railroad, or by jumping on or off a car while in motion, such person shall be deemed to have contributed to the injuries sustained and shall not recover therefor any damages from the company owning or operating said railroad: Provided, that this section shall not apply to the crossing of a railroad by any person on any public or private crossing."

gence, it is a nonremedial, and in its effect well nigh a penal, statute. If, then, two constructions of this statute are possible, one that the statute was simply declaratory of the humane principles of the common law, the other depriving children of those common-law rights, it would seem clear that, unless constrained by express and unquestionable language, the former construction should prevail, for:

"Where a statute is equally susceptible of two constructions, one of which is in harmony with a settled principle of the common law and the other in derogation of it, the courts will adopt the former." Ryan v. Couch, 66 Ala. 244.

And as was further said in Maxwell's Interpretation of Statutes, 96:

"It is in the last degree improbable that the Legislature would overthrow fundamental principles, infringe rights, or depart from the general system of law, without expressing its intention with irresistible clearness; and to give any such effect to general words, simply because, in their widest and perhaps natural sense, they have that meaning, would be to give them a meaning in which they are not generally used."

The rule on this subject is well stated thus by Black on Interpretation of the Law, § 313:

"Statutes in modification or derogation of the common law will not be presumed to alter it further than is expressly declared, or further than may be fairly and reasonably inferred from the purpose and nature of the statute or from the language employed in it. Such acts will be liberally construed, if their nature is remedial, but their operation will not be extended for a forced construction. The presumption is that the terms of the statute disclose the extent of the alteration or change it was desired to effect."

Tested by these standards, it seems to us that a clear purpose, expressed in indisputable terms, to change the existing law in reference to immature children, is not found in this statute. If such an intent exists, it exists alone in the use of the comprehensive word "person." But the contention that such meaning should be given that word is met by the fact that, in view of the nonremedial and restrictive effect of this law on prior beneficent rights, no such broad use of the word "person" should be given it in the absence of any expressed purpose that such was the intent of the Legislature. Indeed, this principle of interpretation had been emphasized in New Jersey prior to the passage of this act, where, in State v. Norton, 23 N. J. Law, 40, it was said:

"It is a rule of exposition that statutes are to be construed in reference to the principles of the common law, for it is not to be presumed that the Legislature intended to make any innovation upon the common law further than the case absolutely required. The law rather infers that the act did not intend to make any alteration other than what is specified, and besides what has been plainly pronounced, for, if Parliament had had that design, it is naturally said they would have expressed it. Dwarris on Statutes, 695."

In the same case, referring for support to 1 Blackstone, Commentaries, 89, it was said:

"When the common law and a statute differ, the common law gives place to the statute, only when the latter is couched in negative terms, or where its matter is so clearly repugnant that it necessarily implies a negative."

·[2]· That Legislatures have power to so enact in case of infants may be conceded, and that they have subjected children to those consequences is seen, for example, in the statute of Missouri. See Barney v. Hannibal, 126 Mo. 372, 28 S. W. 1069, 26 L. R. A. 847, where it was made a misdemeanor for "any person, minor or adult, to climb," etc., "upon moving cars." But conceding the power, we are of opinion that principles of sound construction require us to hold that when, as here, the law as it exists as to the status of a large and helpless portion of the community is to be changed, and grave consequences are to be imposed upon children so young as to be incapable of appreciating the gravity of the acts which by the statute make them guilty of contributory negligence, such change should be made in language so clear as to unmistakably manifest such legislative purpose. In the Missouri statute referred to above, this necessity of clearness of expression was recognized by the use of the words, "any person, minor or adult," etc. If Congress in enacting the bankrupt law felt constrained to add a legislative definition to make the word "person" include women, it would seem reasonable to conclude that the Legislature of New Jersey did not mean to include under the word "person" children so young as in law to be incapable of contributory negligence. In the absence of a decision by the court of last resort in New Jersey so holding, the court below was justified in so construing this statute as not to preclude the plaintiff's recovery, where, as here, children were accustomed to play in the locus in quo with the knowledge of the defendant, where the defendant was guilty of negligence in its conduct toward such child while there, and where the child was so immature as not to be aware of the danger to which she was exposed and could not in law be held guilty of contributory negligence.

[3] As to the second question, that treating the plaintiff as a licensee the defendant was under the law of New Jersey only liable in case of wanton or willful negligence. This question is settled in this court by Snare & Triest Co. v. Friedman, 169 Fed. 1, 8, 94 C. C. A. 369, where we held that an immature child could not by reason of tender age be charged with contributory negligence or with being a trespasser. It follows therefore that the court below was right in refusing the deligence which resulted in the loss of this child's limb because such infendant's point, which sought to relieve the defendant from its negjury was not wantonly and willfully inflicted.

The judgment below is therefore affirmed.