MITCHELL *v.* CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

Opinion delivered November 25, 1912.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—Where a trainman placed himself in a place of danger by crawling under a gravel car where he could not easily be seen, and thereafter failed to look out for approaching trains on the track, and was killed, he was guilty of such negligence as would bar a recovery on account of injuries received by him.

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; affirmed.

*J. H. Harrod,* for appellant.

Under the proof in this case it was a question for the jury to say whether Mitchell was guilty of contributory negligence.   57 Ark. 429; 59 Ark. 215; 128 U. S. 443.

*Thos. S. Buzbee* and *John T. Hicks,* for appellee.

No negligence whatever is shown on the part of appellee; but, if negligence on the part of appellee should be conceded, the negligence of the deceased was of such nature as to preclude recovery.   It was the duty of the trial court to refuse to submit the case to the jury.

McCULLOCH, C. J. Deceased, Frank Mitchell, was a brakeman in the service of appellee, and was run over by train and injured, from which injuries death ensued, and the administratrix of his estate instituted this action to recover damages for the benefit of the estate on account of pain and suffering endured by deceased and for the benefit of the next of kin for damages which resulted from the loss of contributions.

Mitchell was brakeman on a construction train, engaged, at the time of his injury, in cleaning out ditches along the track in and near Forrest City, Ark.  The injury occurred shortly after the noon hour on May 25, 1909, while the train was in the yards at Forrest City.   The work train was on the main track

while the crew of men were at work cleaning the ditches, and it was necessary to put out a flagman toward the east to protect the train and crew from trains approaching from that direction. This duty was assigned to deceased Mitchell, and he proceeded to a distance of about 500 feet east of the work train, and remained there several hours. On a storage track, running parallel with the main track and on the north side of it, was a loaded dirt car called a gondola car. This car had been set over on that track before that, probably the day before, and the testimony shows that Mitchell crawled under the side of that car in order to get in the shade, while he was on watch for approaching trains. When the time came to quit work at noon the signal was given for moving the work train, and it moved up to the switch and backed in on the storage track, striking the gondola car under which Mitchell was resting, and both of his legs were run over and cut off. He was sitting under the car between the rails, facing the south, with his feet extending over the south rail. His position was between the front and rear trucks, and the evidence shows that the journal boxes extended out an unusual distance on this particular kind of car and obscured his protruding legs more than would have been done if it had been a car of the ordinary make. He was seen in this position by a brakeman just a few moments before the train backed in, but the first that was known of his injury was when the car was moved his screams were heard by the men in charge of the train. Several loaded dirt cars were attached to the backing engine, and the testimony establishes the fact that no lookout was kept from the end of these cars as they were backed upon the storage track.

The trial judge instructed the jury to return a verdict in favor of the defendant, and the only question on this appeal is whether or not there was error in that ruling, it being contended by appellant, that there was enough testimony to go to the jury on the question of the negligence of appellee's servants in failing to give signals or keep a proper lookout, and also on the question of contributory negligence on the part of deceased.

We are of the opinion that the action of the trial court

in giving the peremptory instruction was correct, and that the judgment below should be affirmed.

There is no evidence sufficient to warrant a finding that the men in charge of the train saw deceased in his perilous position so as to be chargeable with negligence in failing to protect him after observing him in that position. No witness testified that any of the men on the train were in a position to see deceased while he was under the dirt car. There is one witness who testified that the fireman, immediately after the injury, exclaimed, "I think we have pinched Mitchell back there;" but that was after Mitchell's screams were heard, and it is not sufficient to establish the fact that the fireman, or any other man on the train, saw Mitchell under the car before it was moved. Conceding that it was possible for men on the engine to have seen Mitchell's legs protruding from underneath the car, yet there is no evidence that any of the men did see them.

Now, Mitchell's conduct in crawling under the car and remaining thereunder, without taking notice of the approaching train backing in upon the side track, is such that different minds can not draw different conclusions as to it being an act of negligence, and this bars a recovery of damages, regardless of any negligent act of the trainmen in failing to give signals or in failing to keep a lookout. Deceased was put there for the purpose of guarding the train, but he knew that any position on the track was a place of danger, and that it was particularly dangerous to crawl beneath a car. While he had a right to assume that proper signals would be given when the train approached, yet this did not absolve him from the duty of taking heed for his own safety and looking out for the approach of a train on the storage track. He was not misled in any way by the circumstances. On the contrary, the course of the work there was sufficient to put him upon notice that there was a probability that when the men ceased work at noon, and the cars were loaded with dirt, they would be backed on to the storage track. Be that, however, as it may, the conclusion is irresistible that when he crawled under the car, and put himself in a position where his peril could not be easily discovered, and thereafter failed to look out for approaching trains on that track, he was guilty of an act of negligence

which, notwithstanding any negligence on the part of the other trainmen, bars a recovery of damages on account of the injury.

The judgment of the circuit court is therefore affirmed.