STANKO PAPICH, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellee.

RAILROADS: Measure of Duty to Trespasser. A railway company is under no obligation, before it suddenly or violently moves its cars, (a) to provide a guard to warn unknown trespassers who may be on or about the cars, or (b) to inspect its cars in order to discover such trespassers, or (c) to give warning signals in order that such trespassers may be apprised of their danger. Duty of care toward a trespasser arises only after his position of peril is *actually* discovered. So held where a six-year-old boy was crawling under a car which blocked his passage.

RAILROADS: Temporary Withdrawal of License. An implied license to cross a railway track is *ipso facto* withdrawn by the act of placing and maintaining cars on the track and across said licensed way.

**RAILROADS: Scope of License.** Long-continued practice of allowing children to play within railway yards and to pick up coal · that was dropped upon and along the side of the tracks may not be construed into a license or invitation to a six-year-old boy to crawl under the cars in order to reach his home.

**RAILROADS: Licensees and Trespassers.** *Bare* licensees and trespassers stand on the same footing, as regards the care exacted in avoiding injury to them.

**RAILROADS: Trespasser's Freedom from Contributory Negligence.** A child of tender years may be a trespasser, and dealt with accordingly, even though he is not guilty of contributory negligence.

*Appeal from Polk District Court.*—WM. H. McHENRY, Judge.

MAY 13, 1918.

SUIT by appellant to recover for injuries sustained by his minor son. Verdict was directed for defendant, and plaintiff appeals.—*Affirmed.*

*A. H. Hoffmann* and *Guy A. Miller*, for appellant.

*Cook, Hughes & Sutherland* and *O. M. Brockett*, for appellee.

SALINGER, J.—I. A boy something like six years old left ice whereon he was playing, to go home. He traveled a path which crossed the tracks of the defendant, and we may assume, for present purposes, this path was a licensed one. It is alleged that, when he reached the tracks, he found them blocked by cars placed there by defendant, and that he "thereupon attempted to crawl or pass under said empty coal car * * * when the defendant backed a line of cars with an engine attached thereto down said side track and struck the said line of cars standing on said side track * * * and set the same in motion;" and so he was injured. The evidence shows that there were cars

1. RAILROADS: measure of duty to trespasser.

across this path; and that the train moved upon and struck them at a speed of some six miles an hour, without ringing a bell or giving a whistle or any other signal, and that there was no watchman.

Eliminating from present consideration the alleged license; the absence of warning by bell, whistle, or other signal; that no watchman was present to drive the child from beneath the cars; and the claim that the backing against the standing cars was at excessive speed; and some other claims of appellant,—and we have the case of a six-year-old boy who was hurt while crawling under a freight car that was blocking his way across the track. To be sure, the petition adds the highly material claim that the employees of defendant saw him while venturing on this perilous undertaking. But there is no evidence to support the claim.

If the aforesaid eliminations are made, it will not meet the necessities of plaintiff's case if the evidence sustained the claim that, had reasonable diligence been used, the boy might have been seen in time to save him from injury. With said matters eliminated, defendant owed the boy no duty save to avoid injuring him wantonly,—to save him from injury if his attempt to go under the car was seen in time to save him. It is the settled law, as to infants as well as adults, that, if one is injured by going under cars which may be moved at any time, he must be dealt with as a trespasser. *Thomas v. Chicago, M. & St. P. R. Co.*, 93 Iowa 248, 253; same case, 103 Iowa 657; same case, 114 Iowa 169, 173. The only duty owing such a trespasser is to refrain from wilfully injuring him after his peril is perceived, if there then be time to avoid his injury. From the vast number of cases supporting this proposition, we select a few. See *Thomas v. Chicago, M. & St. P. R. Co.*, 93 Iowa 248, at 252; *Bourrett v. Chicago, M. & St. P. R. Co.*, 152 Iowa 579, 582; *Gregory v. Wabash R. Co.*, 126 Iowa 230; *Chrystal v.*

*Troy & B. R. Co.*, 105 N. Y. 164 (11 N. E. 380). In *Masser v. Chicago, R. I. & P. R. Co.*, 68 Iowa 602, it is said:

"But the plaintiff contends that the boy might and should have been discovered sooner. It seems not improbable that he might have been discovered a little sooner, but no locomotive engineer is bound to watch out for trespassers upon the track. The company does not owe trespassers that kind of care,"—and that this has been settled by repeated adjudications, citing them.

An infant may not recover unless the negligence of the owner was wanton, or evinced an indifference to the plaintiff's safety after his position of peril is discovered. *Gwynn. v. Duffield,* 66 Iowa 708, 713. In some way, it must appear there was actual knowledge, not merely that there was means of knowledge. *Dale v. Colfax Cons. Coal Co.*, 131 Iowa 67. It is not enough to show the trespasser ought to have been seen. It must appear he actually was seen, and that his peril was appreciated long enough before the accident to have enabled the defendant to avoid injuring him. *Purcell v. Chicago & N. W. R. Co.*, 117 Iowa 667; *Earl v. Chicago, R. I. & P. R. Co.*, 109 Iowa 14.

Since no duty to the trespasser arises until he is actually seen, it follows of necessity no care is due him before his peril is known. On that theory, the general rule has been worked out that an owner of property trespassed upon is not liable for an injury resulting from the trespass merely because care might have successfully guarded against such injury. *Hounsell v. Smyth,* 7 C. B. (N. S.) 731; *Hargreaves v. Deacon*, 25 Mich. 1; *Gavin v. City of Chicago*, 97 Ill. 66, 68; *Bishop v. Union R. Co.*, 14 R. I. 314, at 318. Therefore, we held in *Thomas v. Chicago, M. & St. P. R. Co.*, 93 Iowa 248, at 252, that the company is not required to keep a lookout for trespassers. It was said in *Bishop v. Union R. Co.*, 14 R. I. 314, at 318, that one is not bound to

employ a watchman to guard cars from an intrusion during transit which is the result of a momentary impulse on part of a child; and that, ordinarily, one who is using his property in a public place is not obliged to employ a special guard to protect same from the intrusion of children, merely because an intruding child may be injured, by intruding. See also *Lygo v. Newbold,* 9 Ex. Rep. 302; *Austin v. Great Western R. Co.,* L. R. 2 Q. B. 442, 446. In a very large number of cases, including cases in this jurisdiction, it is held the company is not bound to have safeguards, say fences, to keep children off of its tracks and cars. A property owner need not guard against injury to a venturesome boy, merely because it is possible for him to get into the zone of danger. *Anderson v. Ft. Dodge, D. M. & S. R. Co.,* 150 Iowa 465; *Masser v. Chicago, R. I. & P. R. Co.,* 68 Iowa 602; *Merryman v. Chicago, R. I. & P. R. Co.,* 85 Iowa 634; *Carson v. Chicago, R. I. & P. R. Co.,* 96 Iowa 583; *Keefe v. Narragansett Elec. L. Co.,* 21 R. I. 575 (43 Atl. 542); *Sullivan v. Boston & A. R. Co.,* 156 Mass. 378 (31 N. E. 128). It is held in *Chicago & A. R. Co. v. McLaughlin,* 47 Ill. 265, that it is no part of the duty of the railroad to maintain a guard over cars left standing upon its tracks, in order to keep children playing about them from getting upon or under them. It is not negligence for a railroad company to omit keeping a lookout to prevent boys from swinging on ladders on its slowly moving freight trains. *Catlett v. Railway Co.,* 57 Ark. 461 (21 S. W. 1062).

It follows that there was here no duty to give warning that the cars were about to be moved. *Brackett v. Louisville & N. R. Co.,* (Ky.) 111 S. W. 710; *Schmidt v. Pennsylvania R. Co.,* 181 Fed. 83; *Pennsylvania R. Co. v. Martin,* (C. C. A.) 111 Fed. 586. As to adults who attempt to go under cars, and the like, it is the rule that there is no duty to signal by bell, whistle, or to give warning in any other way. See *Smith v. C., R. I. & P. R. Co.,* 55 Iowa 33; 3 Elliott on Railroads (2d Ed.), Section 1169; *Gulf, C. & S. F.*

*R. Co. v. Dees,* 44 Okla. 118 (143 Pac. 852) ; *Platt v. Vicks-
burg, S. & P. R. Co.,* 134 La. 444 (64 So. 282) ; *Brackett v.
Louisville & N. R. Co.,* (Ky.) 111 S. W. 710; *Schmidt v.
Pennsylvania R. Co.,* 181 Fed. 83; *Pennsylvania R. Co.
v. Martin,* (C. C. A.) 111 Fed. 586; *Wherry v. Duluth, M.
& N. R. Co.,* 64 Minn. 415 (67 N. W. 223) ; *Chicago & A. R.
Co. v. McLaughlin,* 47 Ill. 265. And the rule applies to in-
fant trespassers. See *Philadelphia & R. R. Co. v. Hummell,*
44 Pa. St. 375; *Brown v. Lynn,* 7 Casey (Pa.) 510; *Reeves
v. Delaware, L. & W. R. Co.,* 6 Casey (Pa.) 454. It will not
create liability that the standing cars were approached by
a train moving at the rate of some six miles an hour (*Barry
v. Burlington R. & L. Co.,* 119 Iowa 62, at 63), nor that
such train was moved violently (*Dillon v. Iowa Cent. R.
Co.,* 118 Iowa 645). Nor does it matter that our statutes
prohibit the obstructing of public roads, private ways,
commons, and landing places. He who attempts to pass
between cars coupled to an engine that is standing still
cannot recover on the ground that the train was blocking
a street or passage way for an unreasonable length of time.
*Platt v. Vicksburg, S. & P. R. Co.,* 134 La. 444 (64 So. 282).

There is dispute as to which of the parties has the bur-
den of proof on whether inspection was made. What we
have already said settles that this is an immaterial dis-
pute, because the company was under no duty to make an
inspection. We have to add to what has been said that the
duty to look out does not exist as to looking under cars
or into openings between cars. See *Hebard v. Mabie,* 98
Ill. App. 543; *Peters v. Bowman,* 115 Cal. 345 (47 Pac. 598,
at 599) ; *Garner v. Trumbull,* (C. C. A.) 94 Fed. 321;
*Teakle v. San Pedro, L. A. & S. L. R. Co.,* 32 Utah 276 (90
Pac. 402).

### 1-a.

We now reach whether any matters thus far eliminated
from consideration make for plaintiff a case for a jury.

Appellant cites cases that there is liability where there is sufficient invitation of the action of the child by means of tempting his childish instincts. *Bishop v. Union R. Co.*, 14 R. I. 314, at 321. And he cites other cases, of which *Lynch v. Nurdin*, 1 Adolphus and Ellis (N. S.) 29, *Louisville & N. R. Co. v. Popp*, 96 Ky. 99 (27 S. W. 992), *Cleveland, etc., R. Co. v. Means*, 59 Ind. App. 383 (104 N. E. 785), are fair samples. On analysis, these cases involve "attractive nuisances." But appellant does not claim to be, in strictness, within the attractive nuisance and turntable cases. And an analysis of his argument discloses he concedes that the mere placing of an empty coal car on a side track does not bring his case within those cases. The digests overflow with cases holding with this concession, and that things like an empty coal car placed on a track are not an attractive nuisance.

To be sure, it is alleged that, when the boy was attempting to crawl under the empty car, he stopped to play with an air brake apparatus attached to the same. Now, it is confessed that the record does not disclose what the boy was doing at the time when he was injured, or whether he was playing with the air brake; that there was an attempt to show by him just what he was doing when hurt; but that his testimony was excluded because of his incompetency as a witness. In addition, the petition excludes attraction by the apparatus by declaring that the purpose of going under the car was to get home.

## 1-b

Appellant concedes that a license to use the path was not a license to go under the car; and the law so says. And whatever license there was to cross the tracks on the path

was suspended for such time as the railroad company obstructed such path by using it for standing cars. *Wagner v. Chicago & N. W. R. Co.*, 122 Iowa 360; *Central R. Co. v. Rylee*, 87 Ga. 491 (13 S. E. 584). In the last case, it is held that nothing but an express license to go under a car or the like will avail, because it is unreasonable to hold the company bound by an implied license while it is occupying the track with its own cars; that it would be unreasonable to hold it had agreed others might have a joint occupancy of the track during the time the company was using it for its own purposes. It is added the practice of going under cars is so dangerous that there can be no implied license to do so. There is still no case for a jury.

2. RAILROADS: temporary withdrawal of license.

II. We do not understand appellant is denying any of the pronouncements we have thus far made. His argument is a confession and avoidance, to the effect that certain past conduct permitted and invited by defendant makes the aforesaid rules inapplicable. For one thing, he claims that, for years past, children played and gathered coal beneath the cars of the defendant; that this was known, and that the children had been driven out many times; that persons generally facilitated journeys toward their homes by passing under cars standing at the point where the boy was hurt, and at other points on the tracks. It suffices to say there is no evidence to sustain either of these claims.

3. RAILROADS: scope of license.

But we may assume there was sufficient evidence to justify a jury in finding that children had for years played around and in cars, and congregated, loitered, and played in the yards, to pick up coal around cars; that they were in the habit of dumping hoppers on cars, and then picking up the dropped coal; that they picked coal found on the side of the cars and took it home; that for years coal has,

in various ways, dropped upon the track, and was allowed to remain there for children to pick up; that, while they were at times driven away, the very crew who injured this boy knew that, in the past, children had been permitted and invited to pick up dropped coal and to play about the cars; and that this very crew and others had, in the past, invited children to pick coal, either out of the cars or from where it had been dumped from the cars and beside the track.   What is the effect if all this be so?   Assume all this constituted an attractive nuisance.   This nuisance did not injure this boy.   None of these attractions were present when he crawled under the car, and the petition itself alleges that the inducing motive was to reach home.

Standing alone, these past practices amount to a course of long-permitted use which does not include going under cars.   It is doubtful whether the knowledge that such practices had been indulged in could, under any circumstances, constitute either a license or an invitation to go under cars at a future time.   In effect, *Central R. Co. v. Rylee*, 87 Ga. 491 (13 S. E. 584), holds there can be no license to indulge in such a dangerous joint use of the track.   Be that as it may, it is clearly settled that these past practices constituted no such license, and gave no invitation for the boy to go under the car.   The most that has been said for the side of the plaintiff is an implication in *Morrissey v. Eastern R. Co.*, 126 Mass. 377, that either inducement or implied invitation may suffice as to an infant who is using the track as a playground.   Be that as it may, these past practices constituted neither inducement nor implied invitation to crawl under the car for the purpose of reaching home.   That an opening is made by the cars and used by employees, and that plaintiff himself has used it, constitutes no sufficient invitation to go into such opening.   *Furey v. New York Cent. & H. R. R. Co.*, 67 N. J. L. 270 (51 Atl. 505).   In effect, it is held in *Elie v. Lewiston, A. & W. S. R.*

Co., 112 Me. 178 (91 Atl. 786), citing *Barney v. Hannibal &
St. J. R. Co.*, 126 Mo. 372 (28 S. W. 1069), and *Chicago, R.
I. & P. R. Co. v. Eininger*, 114 Ill. 79 (29 N. E. 196), that
these past practices constitute neither license nor invita-
tion to go under cars at some future time. It needs some
assurance by someone in authority, made to the person at-
tempting to go under a train, that it is safe to do so. *Gulf,
C. & S. F. R. Co. v. Dees*, 44 Okla. 118 (143 Pac. 852).
Nothing but an express invitation by those authorized to
extend it can avail the plaintiff. *Brackett v. Louisville &
N. R. Co.*, (Ky.) 111 S. W. 710; *Richards v. Chicago, St. P.
& K. C. R. Co.*, 81 Iowa 426, at 430; *Central R. Co. v. Rylee*,
87 Ga. 491 (13 S. E. 584); *Phillips v. Library Co.*, 55 N. J.
L. 307 (27 Atl. 478); *Cleveland, etc., R. Co. v. Means*, 59
Ind. App. 383 (104 N. E. 785).

The utmost all comes to, then, is such use of the de-
fendant's property as makes the user a bare licensee in
doing what he did before he went under the cars. *Herzog
v. Hemphill*, 7 Cal. App. 116 (93 Pac. 899);
*Redigan v. Boston & M. R. Co.*, 155 Mass.

**4. RAILROADS:
   licenses and
   trespassers.**

44 (28 N. E. 1133); *Phillips v. Library Co.*,
55 N. J. L. 307 (27 Atl. 478). Had he been injured while
indulging in the aforesaid practices, and were he suing for
that injury, there would still be no practical difference be-
tween him and a trespasser; because, in either case, the
only duty owing was to avoid injuring him after he was
actually discovered in a position of peril. *Anderson v. Fort
Dodge, D. M. & S. R. Co.*, 150 Iowa 465; *Richards v. Chi-
cago, St. P. & K. C. R. Co.*, 81 Iowa 426, 430; *Rutherford
v. Iowa Cent. R. Co.*, 142 Iowa 744, 754; *Hall v. Cleveland,
etc., R. Co.*, 15 Ind. App. 496 (44 N. E. 489); *Norris v.
Hugh Nown Contracting Co.*, 206 Mass. 58 (91 N. E. 886)·
*Walsh v. Fitchburg R. Co.*, 145 N. Y. 301; *Pennsylvania R.
Co. v. Meyers*, 136 Ind. 242; *Wright v. Boston & A. R. Co.*,
142 Mass. 296 (7 N. E. 866); *St. L., I. M. & S. R. Co. v.*

*Fairbairn,* 48 Ark. 491; *Central R. Co. v. Brinson,* 70 Ga.
207; *Herzog v. Hemphill,* 7 Cal. App. 116. (93 Pac. 899);
*Redigan v. Boston & M. R. Co.,* 155 Mass. 44 (28 N. E.
1133); *Phillips v. Library Co.,* 55 N. J. L. 307 (27 Atl. 478);
*Gulf, C. & S. F. R. Co. v. Dees,* 44 Okla. 118 (143 Pac. 852).
As to such licensee, there is no duty to warn that the cars
are about to be moved. *Brackett's Admr. v. Louisville &
N. R. Co.,* (Ky.) 111 S. W. 710; *Pennsylvania R. Co. v.
Martin,* (C. C. A.) 111 Fed. 586; *Schmidt v. Pennsylvania
R. Co.,* 181 Fed. 83. And in the absence of express invita-
tion by one authorized to extend it, this rule applies to in-
fants. *Schmidt v. Pennsylvania R. Co.,* 181 Fed. 82; *Myers
v. Boston & M. R. Co.,* 209 Mass. 55 (95 N. E. 76); *Central
Branch U. P. R. Co. v. Henigh,* 23 Kan. 347; *McEachern v.
Boston & M. R. Co.,* 150 Mass. 515 (23 N. E. 231); *Kau-
meier v. City Elec. R. Co.,* 116 Mich. 306 (74 N. W. 481).

III.   But one theory is left upon which these practices
might become material. To deal with that theory, we must
go beyond stating the rules as we have, and go into the
reason underlying these rules. To do this
involves dealing with cases that differ from
our own, and from what we think is the
great weight of authority, in that they hold
an infant cannot be treated as a trespasser. See *Erie v.
Swiderski,* 197 Fed. 521; *Snare v. Friedman,* 169 Fed. 1.
All the cases of this class are at fault, because they claim
from a sound law rule what such rule does not effect. It
is unquestionable that a pedestrian who attempts to go be-
tween or under cars is guilty of contributory negligence, as
matter of law. *Helback v. Northern Pac. R. Co.,* 125 Minn.
155 (145 N. W. 799); *Carey v. Chicago, R. I. & P. R. Co.,*
84 Kan. 274 (114 Pac. 197); *Mitchell v. Chicago, R. I. &
P. R. Co.,* 105 Ark. 364 (151 S. W. 520); *Sikorski v. Great
Northern R. Co.,* 127 Minn. 110 (149 N. W. 5); *Magoon v.*

5. RAILROADS:
trespasser's
freedom from
contributory
negligence.

*Boston & M. R. Co.,* 67 Vt. 177 (31 Atl. 156) ; *Rumpel v. Oregon Short Line & U. N. R. Co.,* 4 Idaho 13 (35 Pac. 700) ; *Wherry v. Duluth, M. & N. R. Co.,* 64 Minn. 415 (67 N. W. 223) ; *Smith v. C., R. I. & P. R. Co.,* 55 Iowa 33; 3 Elliott on Railroads, Sec. 1169; *Gulf, C. & S. F. R. Co. v. Dees,* 44 Okla. 152 (143 Pac. 852) ; *Platt v. Vicksburg, S. & P. R. Co.,* 134 La. 444 (64 So. 282). Cases like that of *Swiderski,* supra, argue that, since a child of tender years cannot be guilty of contributory negligence, therefore it cannot be dealt with as a trespasser. If a trespasser were denied protection until his peril was discovered, because he is guilty of contributory negligence, this deduction would be sound. Now, one may assume that every trespass by an adult exhibits contributory negligence. And one who is guilty of contributory negligence can recover only if he is wantonly injured after such negligence is known. But though trespass by an adult involves contributory negligence, and though the care due a trespasser and that due one who is guilty of contributory negligence is the same, it does not follow that the rule as to care due a trespasser rests on his being guilty of contributory negligence. And a reading of the case law demonstrates that the rule as to trespassers is not based on contributory negligence, but on the reasoning that one who injures a trespasser when he does not know one exists *is not guilty of negligence,* since he is under no duty to anticipate that anyone will commit a trespass, and upon the amplification that it is not negligence to assume that even a child of tender years will not commit some kinds of trespass. It is expressly held there is no liability, because there is no duty to anticipate certain acts. *Thomas v. Chicago, M. & St. P. R. Co.,* 93 Iowa 248, at 255; *Dillon v. Iowa Cent. R. Co.,* 118 Iowa 645; *Bishop v. Union R. Co.,* 14 R. I. 314, at 321. And passing under cars is one such act. *Brackett's Admr. v. Louisville & N. R.*

*Co.,* (Ky.) 111 S. W. 710; *Platt v. Vicksburg, S. & P. R. Co.,* 134 La. 444 (64 So. 282); *Gulf, C. & S. F. R. Co., v. Dees,* 44 Okla. 118 (143 Pac. 852). The fact that children are doing these acts does not create a duty to anticipate. *Morrissey v. Eastern R. Co.,* 126 Mass. 377; *Gavin v. City of Chicago,* 97 Ill. 66, 71; *McAlpin v. Powell,* 55 How. Pr. (N. Y.) 163; *Snyder v. Hannibal & St. J. R. Co.,* 60 Mo. 413; *Zoebisch v. Tarbell,* 10 Allen (Mass.) 385. The law does not require anyone to presume that another may be negligent, much less to presume that he may be an active wrong-doer. *Philadelphia & R. R. Co. v. Hummell,* 44 Pa. St. 375. In *Brown v. Lynn,* 7 Casey (Pa.) 510, and *Reeves v. Delaware, L. & W. R. Co.,* 6 Casey (Pa.) 454, the like is declared to be elementary law. A railroad company may assume no children are playing about or under its cars. *Wagner v. Chicago & N. W. R. Co.,* 122 Iowa 360, 367. In *Chicago & A. R. Co. v. McLaughlin,* 47 Ill. 265, it is held that an employee who mounts a car to loosen brakes need not anticipate that boys near the track will thereby be injured. In *Bishop v. Union R. Co.,* 14 R. I. 314, 320, it is said there are some risks in regard to which a child ought to be enlightened before he is committed "to the chances of the street." In *Hestonville Passenger R. Co. v. Connell,* 88 Pa. St. 520, a boy attempted to climb on the front platform of a horse car, while same was in moderate motion. It was held there was no liability, because injury resulted "from the sudden and unanticipated act of the child itself," and that "it may be assumed that a child old enough to be trusted to run at large has wit enough to avoid ordinary danger;" that, therefore, persons who have business on the streets may reasonably conclude that no child will voluntarily thrust itself under the feet of their horses or the wheels of their carriages; that *a fortiori,* they may conclude they are under no duty to provide against possible damages "that may result to the infant from its own wilful

trespass." It is said, in *McDermott v. Kentucky Cent. R. Co.,* 93 Ky. 408 (20 S. W. 380), that it would be unreasonable and oppressive to require those operating the railroad to take into consideration that children might be trespassing. Other cases declare that to require a lookout for this would interfere with the public duty to operate effectively.

Since a child of tender years cannot be charged with contributory negligence, there is but one way to explain the very large number of cases wherein such children have been held to be within the rule as to care due trespassers. Such cases must have proceeded on the theory that the question was not whether the injured child was negligent, but whether the injurer was; that the inquiry is not directed to whether the child contributed to negligence, but whether there was any negligence to contribute to. There is some language in *Thomas v. Chicago, M. & St. P. R. Co.,* 93 Iowa 248, 255, which, in relieving from liability, assumes, in a way, that a negligent injurer is being relieved. But the real decision is that a trespasser cannot recover for injury inflicted, because the injurer "owes the trespasser no duty, and is not required to be on the lookout for him." The essence of the *Thomas* case is found in the statement that, on the question whether one shall be treated as a trespasser, "the better considered cases hold that it is entirely immaterial that the trespasser is an infant, idiot, or lunatic." To the same effect is *Brown v. Rockwell City Canning Co.,* 132 Iowa 631, 638. In the large number of decisions that dispense with all care until it is known that the trespasser is in peril, none proceed on the reasoning that the life and limb of the trespasser is of no value and entitled to no protection. That is proven by the fact that every care is held to be due him when it is once known he exists. And the reasoning underlying the dispensation from duty to care is wholly that no one is negligent for not anticipating or assuming that a trespass is being constantly committed.

Upon this reasoning, and this only, all the case law becomes
harmonious.   One illustration should make that clear.   If
an idiot was under a train, without its being known, and
while there, deliberately put his fingers under moving
wheels, there would be no liability.   But that would not be
because there was contributory negligence, for an idiot
cannot be charged with such.   But, though he be an idiot,
and incapable of contributory negligence, the railroad com-
pany would be guilty of no negligence.   In fewer words, the
question is, When does the duty begin? not, What is it after
it begins?   *Thomas v. Chicago, M. & St. P. R. Co.*, 93 Iowa
248, 255.   There is no negligence until it is known there is a
trespass.   That being so, as said in the *Thomas* case and
others, the mental capacity of the trespasser is of no con-
sequence.   For there is no greater duty to anticipate that a
child or an idiot is somewhere trespassing in hiding than
there is to assume that an adult is doing so.   Plaintiff,
then, has a case for a jury only if the nature of these past
practices is such as that therefrom the defendant should
have anticipated that a boy was crawling under the car at
the time when he was injured.   What is there in these prac-
tices that puts such a duty upon the defendant?   That chil-
dren had in the past been invited into moving cars to get
coal, that they had been permitted to drop coal upon and
beside the track, would be highly material if, at a future
time, they were injured while doing these things.   But per-
mitting any and all of these did not suggest that, at all fu-
ture times and places, children who were not playing and
were not picking up coal would crawl under a car in order
to reach home.   Suppose that what had been permitted in
the past constituted an attractive nuisance.   That is not
material, if these attractions were absent at the time the boy
was injured.   *Rushenberg v. St. Louis, I. M. & S. R. Co.*, 109
Mo. 112 (19 S. W. 216).   Maintaining an attractive nui-
sance compels care as to it.   But it does not suggest that a

child will crawl under a car which is not an attractive nuisance. No duty to anticipate is created by the fact that trespasses generally have been committed in the past. See *Thomas v. Chicago, M. & St. P. R. Co.*, 93 Iowa 248, at 253; *Chicago & A. R. Co. v. McLaughlin*, 47 Ill. 265. And that employees have been instructed to drive boys out does not raise a duty to be constantly on guard against them. See *Thomas v. Chicago, M. & St. P. R. Co.*, 93 Iowa 248, at 253; *Barney v. Hannibal & St. J. R. Co.*, 126 Mo. 372 (28 S. W. 1069); *O'Conner v. Illinois Cent. R. Co.*, 44 La. Ann. 339 (10 So. 678); *Hoover v. Detroit, G. H. & M. R. Co.*, 188 Mich. 313 (154 N. W. 94).

The acid test is whether anything found in this record suggested to a reasonably careful and prudent person that a little boy, in an attempt to reach his home, was under this coal car when the defendant backed down upon this car. We think there was no duty to anticipate the presence of the child, and that, therefore, the direction of the verdict for the defendant must be affirmed.

This makes it unnecessary to pass on the question whether the father of the plaintiff was chargeable with contributory negligence, as matter of law.—*Affirmed*.

PRESTON, C. J., LADD and EVANS, JJ., concur.