IRA MILES, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY et al., Appellees.

RAILROADS: Injuries on Track—Trespassers—Anticipating Presence. Railroad employes are under no duty to anticipate the presence of unknown trespassers in and about their cars, by reason of the fact that such trespassers had, previous to the time in question, been permitted to play in the railroad yards.

*Appeal from Jasper District Court.*—Henry Silwold,
Judge.

May 13, 1918.

Rehearing Denied, September 30, 1918.

Ira Miles, a minor, was injured through the operation of a train by the defendant, the Colfax Northern Railway Company. The other defendants are impleaded on the claim that, because they gave the Colfax Northern Railway the right to operate upon their tracks, they may be held responsible for said injury done by the Northern Railway. Verdict was directed for defendants, and plaintiff appeals. —*Affirmed.*

*E. J. Kelley* and *H. G. Giddings,* for appellant.

*Ryan & Ryan, Robert Bannister,* and *C. O. McLain,* for appellees.

Salinger, J.—I. A boy about six years old, with two companions, one seven and one eight, after school was dismissed for the day, went into the yards owned by the defendants "Rock Island," in Colfax, and they engaged in playing upon and about a string of some eight cars standing on a sidetrack. The Colfax Northern Railway, operating under some right to do so, came into the yards for some purpose which would require backing a train down upon these standing cars. While going forward as a preparation for backing, members of the crew saw two figures on top of the standing cars, and they seem to have thought they were brakemen. Before backing, they looked again, and saw that these figures had disappeared. No one else was in sight. It transpires these two figures were the two older boys, who, on seeing the train approach, feared for their safety on top of the cars, and ran away. The little six-year old boy, Ira Miles, was on the bumper between some of the standing

cars, out of sight, and his presence was not known to the train crew. They backed against the cars between which the boy was sitting, at a speed of about three miles an hour. The "bump" threw the child off, and he was injured.

The essential thoughts presented for the appellant are that the boy was not a trespasser; that children had in the past been permitted to play in these yards; that the standing cars were an attractive nuisance, and that there was a license; and that, though it was not known the child was where he was, there was a duty to anticipate some child might be there, and to give care accordingly. It is not and cannot well be seriously contended that the speed at which the train was backed upon the standing cars was excessive. Indeed, if there was no duty to anticipate the presence of this trespasser, the speed of the movement is not material, nor does it matter that other trespassers had been seen about the place. On every essential point, the case is ruled by *Papich v. Chicago, M. & St. P. R. Co.,* 183 Iowa 601; and that case holds that, on a record such as this, the trial court was right in directing a verdict for the defendants. See, also, *Wagner v. Chicago & N. W. R. Co.,* 122 Iowa 360; *Central R. & B. Co. v. Rylee,* 87 Ga. 491 (13 S. E. 584) ; *Elie v. Lewiston, A. & W. St. R. Co.,* 112 Me. 178 (91 Atl. 786) ; *Barney v. Hannibal & St. J. R. Co.,* 126 Mo. 372 (28 S. W. 1069) ; *Schleich v. Baltimore & O. R. Co.,* 245 Pa. 184 (91 Atl. 253) ; Code Section 4811.

In view of this conclusion, we have no occasion to consider whether the appellees Rock Island Railroad or Railway stood in such relation to the other defendant as to be liable for the acts of said other defendant. The order and judgment below must be and is—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.